### In re KELLY v. KEMP et al.

No. 8789—Opinion Filed Jan. 30, 1917.

(162 Pac. 1079.)

(Syllabus by the Court.)

1. **Habeas Corpus — Superseding Order — Statute—Custody of Child Pending Appeal.**

Where, in a habeas corpus proceeding, the trial court directs that the custody of a minor child be delivered to its mother pending the determination of an appeal from the final judgment therein, such order is not one which may be superseded as a matter of right under section 5251, Rev. Laws 1910.

2. **Same—Discretion of Trial Court.**

In such case, it is within the discretion of the trial court to allow a supersedeas or stay of such order on such terms and conditions as it may prescribe, or refuse the same.

**3. Same—Stay by Supreme Court.**

Under section 5257, Rev. Laws 1910, the execution of an order of the character described in the first paragraph of this syllabus may be stayed on such terms as may be prescribed by the Supreme Court or a justice thereof when proceedings in error are pending in the Supreme Court.

**4. Courts — Mandamus — Inferior Court — Constitutional Provisions — Habeas Corpus—Custody of Child.**

Under its general superintending control of inferior courts granted by section 2, art. 7, Williams' Ann. Const., the Supreme Court will not issue to an inferior court a mandatory order directing that the custody of a minor child be returned to defendants in a habeas corpus proceeding pending appeal from a final judgment therein to this court, where in the exercise of its discretion such inferior court has directed that the custody of said child should be awarded to its mother.

Original proceeding by Tom Kemp and Ollie Kemp, petitioners, for a supersedeas and stay of judgment in the action of Alta Kelly, a minor, by her next friend, Lizzie Stribling, against Tom Kemp and Ollie Kemp, and for a mandatory order directing redelivery to petitioners of the custody of the minor, which under such decree and judgment had been taken from petitioners and delivered to Lizzie Stribling, its mother. Demurrer to petition sustained, and cause dismissed.

Zink & Cline, for petitioners.

Logan & Rakestraw, for respondent.

HARDY, J. This is an original proceeding wherein petitioners pray this court to grant a supersedeas and stay of judgment in a cause tried in the county court of Kiowa county and to issue a mandatory order directing the redelivery to petitioners of the custody of a minor child, Alta Kelly, which under said decree and judgment had been taken from defendants (petitioners here) and delivered to its mother. Judgment was rendered on November 25, 1916, when an extension of time to prepare and serve case-made was granted and supersedeas bond fixed in the sum of $3,000 to be filed and approved on or before November 28, 1916, and the cause continued for further hearing to said date. On November 28th, all parties being present and upon further consideration of the cause, the court directed that the custody of said minor be placed and remain with its mother, pending the appeal, and the custody of said child was delivered to its mother. Defendants thereupon prayed an order allowing time in which to apply to this court, or a justice thereof, for an order superseding the last-mentioned order directing the custody of the child to be delivered to its mother, which request was denied and exceptions saved, and defendants thereafter filed a bond in the sum fixed, which was approved. To the petition alleging these facts, a general demurrer has been filed, and this case is presented on the pleadings.

The order of November 28th, directing that the custody of the child be delivered to its mother, was not one which defendants had a right to supersede under section 5251, Rev. Laws 1910, as said order does not belong to any one of the classes therein enumerated which may be superseded under that section; and, this being true, it was within the discretion of the trial court to allow a supersedeas or stay on such terms as it might prescribe or to refuse the same. Palmer v. Harris, 23 Okla. 500, 101 Pac. 852, 138 Am. St. Rep. 822.

In the exercise of this discretion, the county court refused to grant a supersedeas or permit a stay of the execution of such order, and we are asked in this proceeding to stay same.

By section 5257 it is provided:

The "execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending."

Under this grant of power, the Supreme Court, or one of the justices thereof, would possess authority to stay the execution of the order when proceedings in error have been commenced in this court. This section is intended to confer upon the appellate court, and the judges thereof, power to make such order in aid of its appellate jurisdiction in cases where proceedings in error are pending therein. In the instant case, proceedings in error were not pending at the time defendants' petition was filed, and no power is conferred by this section to stay the execution of such order until jurisdiction of this court has attached.

We are asked to issue a mandatory order directing that the custody of said child be returned to defendants under the general superintending control of inferior courts vested in the Supreme Court by section 2, art. 7, Williams' Ann. Const.

It was said in Matney v. King, 20 Okla. 22, 93 Pac. 737, that this provision placed the Supreme Court in practically the same position with reference to the inferior courts of the state as that occupied by the court of Kings Bench to the inferior courts of England under the common law, which court, as stated by Blackstone, was vested with power to keep all inferior courts within the bounds of their authority, and, to do this, could remove their proceedings to be deter-

mined by it, or prohibit their progress below (3 Blackstone, Comm. 42), and that court was also possessed of authority to enforce in inferior tribunals the due exercise of those judicial or ministerial powers which has been vested in them, by restraining their excesses and quickening their negligence and obviating their denial of justice (2 Blackstone, Comm. 111). This grant of superintending control was not designated for ordinary appellate jurisdiction, and operates only upon the inferior courts and tribunals whose actions are sought to be controlled, and not upon the litigants or parties. State v. Kight, 49 Okla. 202, 152 Pac. 362.

What we are asked to do is to issue a writ of mandamus to the trial court directing it to cause the custody of said minor child to be returned to defendants, which could only be done in disregard of its order made in the exercise of its discretion, awarding custody of said child to its mother and refusing to supersede that order. The writ of mandamus will not issue to control the discretion of an inferior court in matters where it has a right to exercise that discretion. Harding v. Garber, 20 Okla. 11, 93 Pac. 539. Neither will it issue to coerce a particular judgment, nor to rectify an erroneous one. Winfrey v. Benton, 25 Okla. 445, 106 Pac. 853; Kimberlin v. Commission to Five Civilized Tribes, 104 Fed. 653, 44 C. C. A. 109.

It being within the discretion of the trial court to grant or refuse a supersedeas, and that court having refused to stay the execution of said order, defendants have an adequate remedy by filing a petition in error in this court, upon the filing of which the jurisdiction of this court would attach, when it would be authorized to make such orders as might be deemed necessary and proper regarding the custody of said child pending the appeal.

The demurrer to the petition should be, and the same is, sustained, and the cause dismissed.

All the Justices concur.