OSBURN v. ROBERTS et al.

No. 31834.   April 16, 1946.

Rehearing Denied June 4, 1946.

*169 P. 2d 293.*

Frank Nesbitt and Nelle Nesbitt, both of Miami, for plaintiff in error.

J. Berry King and George J. Fagin, both of Oklahoma City, and Riley Q. Hunt, of Jay, for defendants in error.

ARNOLD, J. The plaintiff, Floyd Osburn, sued the defendant, Cena Roberts and Albert Roberts, seeking a writ of habeas corpus to recover the custody of plaintiff's three-year-old child, Francis Lewellyn Osburn. From a judgment denying the writ, the plaintiff has appealed.

The child's mother died as a result of its birth, and it was placed in the custody of the defendants when it was two days old, and they have ever since had its custody. The defendant Cena Roberts is plaintiff's sister. The plaintiff has three other children. The youngest is a girl eleven years of age living with her parents and attending school, the boy is now in the army, and the other girl is doing secretarial work. Plaintiff has married again and his present wife is willing to care for the child, according to his testimony. His wife did not testify. He is a farmer, living on a rented farm and is in good financial circumstances. The defendants are also farmers and own their farm with a seven-room residence on it, and they are in some better financial circumstances than is the plaintiff. They have no children. Mrs. Roberts is 58 years of age and Mr. Roberts is 61 years old. Both the plaintiff and defendants have good reputations, and neither attacks the character of the other or the ability of the other to properly care for the child. The defendants have naturally become greatly attached to the child and they expressed the intention of giving it a good education and of giving their property to it at their deaths. The plaintiff has contributed about $20 toward the care of the child, but the defendants have not requested him to give them financial assistance in its care. He has visited the child about once every two months. He has asked the defendants for permission to take the child home with him to keep for short periods, but the defendants refused such requests, assigning as the reason the delicate condition and health of the child. The plaintiff and Mrs. Roberts had a disagreement over the appointment of an administrator of their parents' estates, and the defendants claim that the present suit was filed because of such disagreement and the ill will engendered thereby. The testimony supports the contention of the defendants that at the time they agreed to take the child and care for it, the plaintiff agreed that he would never try to take her from them, though the plaintiff denies making such agreement. The child was very delicate at birth, but seems to have made satisfactory progress, and the defendants have given it good care. Osburn testified in substance that the immediate reason for his institution of this action was what he considered to be improper attitude of the foster parent toward him.

In deciding cases of this nature there are certain rules of law, urged by the parties, that should be kept in mind: (a) Since the trial judge has a better opportunity to observe the parties and witnesses, he is in a better position to know what is best for the child than is this court from a review of the record, and his finding will not be disturbed unless it is clearly against the weight of the evidence or is contrary to law; (b) there are three rights or interests that are to be given consideration in the following order of importance: (1) that of the child, (2) that of the parent,

and (3) that of those who have for years discharged all the obligations of parents; (c) when asked to take the custody from those who have for a considerable period of time nurtured and cared for the child and to restore it to the parent, it is proper for the courts to consider the ties of love and confidence that have grown up between the child and its foster parents and whether it is best for the child not to disturb that relationship; (d) children are not, like chattels, subject to an irrevocable gift, barter or sale, though the fact that a parent has relinquished custody of his child to others should be given due consideration; (e) unless the welfare of the child requires it, a parent will not ordinarily be denied its custody unless the parent is shown to be unfit to have its custody; (f) each such case must be determined upon its own peculiar facts and circumstances.

The foregoing principles are established by the following authorities: Taylor v. Taylor, 182 Okla. 11, 75 P. 2d 1132, and cases cited; Hamann v. Miesner, 148 Okla. 50, 297 P. 252; Bishop v. Benear, 132 Okla. 116, 270 P. 569; Chapsky v. Wood, 26 Kan. 650, 40 Am. Rep. 321 (opinion by Justice Brewer); 39 Am. Jur. 607, 618, §§ 20, 28; 20 R.C. L. 601-606; 46 C.J. 1235, 1248, §§ 15, 23. Appellant relies upon rules (d) and (e) above, while the appellees rely upon rules (a), (b), and (c). This court has applied these principles with different results in several cases, which are analyzed in the majority and dissenting opinions in Taylor v. Taylor, supra. And there is probably no class of cases that gives the courts greater concern than this class.

This court has given most careful consideration to the determination of this case, having heard oral argument. We are of the opinion that the trial court was in better position to determine the best interests of the child than is this court, and that we should not reverse his action unless for most compelling reasons. If there be differences between these parties, such differences should be composed, with the best interests of the child being the paramount question, each recognizing the rights of the other party.

When these principles of law are given proper consideration in connection with the facts established by the evidence, this court is of the opinion that the judgment should be, and the same is, affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and CORN, JJ., concur. RILEY, WELCH, and DAVISON, JJ., dissent.