Ex parte HARLEY.

No. 35615.   Aug. 5, 1952.

247 P. 2d 508.

Harland A. Carter, Okmulgee, for petitioner.

W. J. Peterson, Okmulgee, for respondents.

BINGAMAN, J. This is an original application to this court for a writ of habeas corpus. The facts and circumstances upon which the writ is sought are undisputed and are as follows:

Petitioner, Esther Marie Harley, being the mother of an illegitimate child, gave the respondents, by verbal agreement only, the custody of the child, verbally agreeing with them that she would permit them to adopt the child. Instead of complying with this agreement she went to California. Whereupon, respondents and a relative of petitioner filed adoption proceedings in the county court of Okmulgee county and on June 25, 1952, that court rendered a decree of adoption making the respondents the adopted parents of said child. Thereafter petitioner filed in the district court of Okmulgee county a petition for a writ of habeas corpus to recover the possession of the child, alleging among other things that the adoption proceeding was void. At a hearing the district court found and held that the adoption proceeding was void for the reason that the mother did not appear before the county court or give her written consent and that she was not notified of the proceeding. It therefore ordered and adjudged that the adoption proceeding be held for naught and that the custody of the minor child be awarded to petitioner. From the record it appears that at the time this judgment was rendered the child, Victor Allen Harley, was eighteen months of age.

After rendering such judgment the trial court, upon application of respondents, made in open court, permitted them to supersede the judgment and awarded them the custody of the child, pending an appeal to this court. Thereupon this proceeding was brought by petitioner.

Petitioner in this court contends that the adoption proceeding was absolutely void and that the trial court was without jurisdiction to permit its judgment restoring custody to petitioner to be superseded. Respondents contend that the question of supersedeas was within the sound judicial discretion of the trial court, citing in support thereof Kelly v. Kemp, 63 Okla. 103, 162 P. 1079. In that case it appears that the court awarded the custody of the child to the parent and refused to permit the parties contesting the right of the parent to its custody to supersede the judgment. We there held that such refusal was within the sound discretion of the court and that this court would not exercise its superintending control to control the discretion of the trial court so exercised.

But the instant case presents a different situation. We have many times held that to justify a court in depriving a parent of the care and custody of her child, evidence of the parent's unfitness to have the care and custody of the child must be clear and conclusive. Scroggin v. Griffin, 185 Okla. 456, 94 P. 2d 244; Sherrick v. Butler, 175 Okla. 538, 53 P. 2d 1097; In re Guardianship of Hight, 194 Okla. 214, 148 P. 2d 475. In Osburn v. Roberts, 197 Okla. 206, 169 P. 2d 293, we said that the right of the parent to the custody of his minor child is of great importance but is not an absolute right and is qualified by consideration affecting the welfare of the child. We further said that children were not like chattels subject to an irrevocable gift or to barter and sale, and that unless the welfare of the child required it, a parent would not ordinarily be denied custody of her child, unless shown to be unfit to have its custody.

From these authorities it appears that the right of a parent to the custody of her minor child is an absolute right, absent any showing of unfitness or that her custody would be detrimental to the child's best interests. In the instant case, while the trial court in its findings of fact recited that the petitioner would be in the future unable to take care of the child, it nullified this finding by the adjudging and decreeing that the custody of the child be awarded to petitioner. This was in effect a finding that the mother was not unfit and that the welfare and best interests of the child would not be jeopardized or adversely affected by granting the custody of the child to her, and that her right to the custody of the child was absolute.

In this situation we think that the action of the court in permitting its judgment to be superseded by respondents, giving them the continued custody of the child, pending the appeal, was an abuse of discretion, and in effect deprived petitioner of her absolute right to the custody of the child, and that in such case this court, in the exercise of its superintending power, should require the delivery of the child to petitioner.

Writ granted.

HALLEY, V.C.J., and WELCH, GIBSON, and DAVISON, JJ., concur. ARNOLD, C.J., and O'NEAL, J., concur in result. CORN and JOHNSON, JJ., dissent.

CORN, J. (dissenting). I dissent because the trial court found:

"The court further finds that the mother of said child has been in the past, and will be in the future unable to take care of said child."