In re the Matter of Baby Girl DOUGHERTY, a Dependent Child.

No. 38450.

Supreme Court of Oklahoma.

Nov. 3, 1959.

Rehearing Denied Dec. 15, 1959.

Raymond A. Trapp, Blackwell, Leonard Geb, Ponca City, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen. of Oklahoma, Owen J. Watts, Asst. Atty. Gen., Sandy Singleton, Attorney, Department of Public Welfare, Oklahoma City, for defendant in error and appellee.

WILLIAMS, Vice Chief Justice.

This is an appeal on the original record from order dismissing motion to vacate judgment of county court, sitting as a juvenile court, determining the child involved herein to be a dependent child, and committing custody of child to Department of Public Welfare, hereinafter referred to as Department, for purpose of adoption.

The child involved herein was born to an unwed mother on August 6, 1956. The mother had no home of her own and was not financially able to care for the child. On August 8, 1956, the mother granted the Department permission to provide foster home care for the child. Plaintiffs in error entered into an agreement, effective January 1, 1957, with the Department to provide care for the child under the Department's supervision, the Department to pay $40 per month for such care and maintenance.

On February 7, 1958, one C. D. Northcutt filed a petition praying said court to determine the subject child to be a dependent child, and to commit the care and custody of the child to the Department for the purpose of giving consent to adoption. On the same day the mother appeared before said court and executed a relinquishment of the care and custody of the child to the Department and consented to the adoption of the child without further notice to her. The court appointed a guardian ad litem to represent the mother and child. In the afternoon of the same day the mother and guardian ad litem appeared before the

court, and the judgment from which this appeal is taken was rendered.

On June 20, 1958, plaintiffs in error, E. C. Looper and Kathryn Looper, filed a motion to vacate the above judgment of the court on the grounds that no notice of the hearing of the above petition had been served on them, and that the court lacked jurisdiction because the child did not appear before the court.

The Department filed a motion to dismiss the motion to vacate. After hearing argument of counsel, the motion to dismiss was sustained on the grounds that the petitioners (movants) were merely employees of the Department, and that they had no litigable interest in this cause.

Plaintiffs in error contend that jurisdiction of a juvenile court over a dependent child is acquired by service of summons upon persons designated in 10 O.S.1951 § 106. This statute provides that "Upon the filing of the petition, a summons shall be issued requiring the person, having custody or control of the child, *or with whom the child may be, to appear with the child* at a place and time stated therein, which time shall not be less than twenty-four hours after service." (Emphasis added.)

The rights and duties attendant upon the care and custody of this child were in her mother. 10 O.S.1951 § 6. This care and custody may not validly be transferred or surrendered to another person. Osburn v. Roberts, 197 Okl. 206, 169 P.2d 293, referred to in note 67 to 67 C.J.S. Parent and Child § 11d. (1), p. 643; Taylor v. Taylor, 182 Okl. 11, 75 P.2d 1132.

After the mother granted the Department permission to place the child in a foster home, Department placed the child in the home of plaintiffs in error on a contractual basis. Plaintiffs in error agreed to care for the child under the supervision of the Department, the Department paying the plaintiffs in error for such care and maintenance. Whatever rights and interests plaintiffs had in the custody of this child were contractual, which contract by its terms could be terminated at any time by the Department. The rights of plaintiffs in error are derivative only. The mother was still entitled to the legal rights and owed the duties attendant upon her having the care and custody of this child. The mother, having legal care and custody of the child, voluntarily appeared before the court. This appearance vested the court with jurisdiction to proceed to hear and dispose of the case in a summary manner. 10 O.S. 1951 § 108.

Further, the above statute, 10 O. S.1951 § 106, in so far as it pertains to dependent children and the adoption thereof, must be construed in conjunction with 10 O.S.1957 Supp. §§ 25 to 32 and 60.1 to 60.5. The proceedings in this case conform to the requirements of these statutes. Even if we were to agree with the contention of plaintiffs in error as raised in this appeal, the Department has acquired custody of the child for the purpose of giving consent to adoption under the statutes last above cited. Sustaining motion of plaintiffs in error to vacate this judgment would be of no avail.

Affirmed.