Willa Jean DAVID, Plaintiff in Error,

v.

Elmer Daniel DAVID, Defendant in Error.

No. 42947.

Supreme Court of Oklahoma.

Oct. 21, 1969.

Tryon, Sweet & Hensley, by Frank E. Hensley, Guymon, for plaintiff in error.

Ogden, Ogden & Board, by Charles R. Ogden, Guymon, for defendant in error.

HODGES, Justice.

This appeal involves an order of the trial court in refusing to modify the custody of a minor child of the parties. The minor daughter of the parties was two years old at the time of the entry of the divorce decree and almost four years old at

the time of hearing the second motion to modify. Parties will be referred to as they appeared in the divorce action.

It would be helpful to review some of the events of this case that occurred prior to the filing of the second motion to modify.

Plaintiff husband filed suit against his wife, and secured service of summons upon her. The plaintiff sought custody of his minor child in his petition and pursued this matter upon the trial. The defendant wife engaged the services of an attorney who appeared for her at the trial although the defendant did not herself appear. Divorce was granted to the plaintiff and he was awarded custody of his minor daughter. The divorce decree is dated March 2, 1966. On November 2, 1966, defendant filed a motion to modify custody of the minor child. A hearing on the motion was held on the 11th day of January, 1967, and following defendant's testimony the court sustained a demurrer to the evidence. Subsequently, on the 30th day of October, 1967, defendant filed her second motion to modify, and following the hearing an order was entered upon the 8th day of February, 1967, refusing to modify the previous order and decree of divorce.

Defendant asserts error of the trial court in not granting her custody of the minor daughter. She argues that the evidence supports her motion to modify.

Defendant maintains that inasmuch as the court did not find her an unfit mother, and in fact made a specific finding she was not an unfit mother, that because the child is of tender years the court must change the custody to her. Defendant cites the cases of Irwin v. Irwin, Okl., 416 P.2d 853, and Waller v. Waller, Okl., 439 P.2d 952, as authority for her position. These cases involve an appeal from a divorce decree awarding custody of the child and not a motion to modify as in the present case. Defendant cites one case that supports her proposition involving a motion to modify. Earnst v. Earnst, Okl., 418 P.2d 351. In that case we said that custody of a child of tender years, other things being equal, must be given to the mother. The holding to that effect in the Earnst case was overruled by the decision of this court in Gibbons v. Gibbons, Okl., 442 P.2d 482.

In the Gibbons case we said the age of a child is only one of the factors to be considered in determining custody on a motion to modify. That its role as a "tie breaker" cannot be made binding on a trial court when other things as to the mother and father are equal. We find that the paramount consideration in awarding custody on a motion to modify is what appears to be for the best interest of the child in respect to its temporal, mental and moral welfare, and the entire determination of the question must be in the light of what is the child's best interest. Morrow v. Morrow, Okl., 383 P.2d 24. We so held in the Gibbons case, supra, and reaffirm the holding here.

The evidence in the instant case revealed that the mother had remarried and was a fit person. That her husband was a reputable man and earning a good living. The evidence on behalf of the father indicated he had remarried, that his wife had a daughter by a previous marriage and that his daughter and his step daughter were constant playmates and acted as natural sisters. Further that his family attended church and was well thought of in the community, and he was considered a good worker. It further indicated that all the members of his family got along well with each other, were happy and well adjusted. It appears that the trial court weighed this evidence and found that the best interest of the child would not be served by changing custody. Under such circumstances we should be reluctant to enter a contrary finding on appeal.

The law is clear that in a hearing upon a motion to modify the burden is upon the applicant to show a substantial change in conditions since entry of the last order or decree which bears directly upon the welfare and best interest of the child.

118

Gibbons v. Gibbons, supra; Young v. Young, Okl., 383 P.2d 211; Ness v. Ness, Okl., 357 P.2d 973; Stanfield v. Stanfield, Okl., 350 P.2d 261. The trial court found that there was not a substantial change in conditions so as to effect a change of custody of the minor child. It is well established that the action of the trial court in refusing to modify a child custody order will not be disturbed on appeal unless it is so clearly against the weight of the evidence as to constitute an abuse of discretion. Lynn v. Lynn, Okl., 443 P.2d 106. In reviewing the evidence we find that the trial court has not abused its discretion and that its decision is clearly not against the weight of the evidence.

Order affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, and LAVENDER, JJ., concur.

McINERNEY, J., concurs in results.