**William James COCHRAN, Plaintiff,**

v.

**J. David RAMBO, Associate District Judge of the District Court of Cleveland County, State of Oklahoma, Defendant.**

**No. 44827.**

Supreme Court of Oklahoma.

April 27, 1971.

Charles B. Grethen, Blanchard, for plaintiff.

Stockwell & Pence by Benjamin E. Stockwell, Norman, for defendant.

HODGES, Justice.

In the trial proceedings below the respondent judge entered an order granting a decree of divorce to William James Cochran, who appears as plaintiff or relator herein, and Bonnie Doris Cochran, and awarded custody of their two minor children to the father, subject to visitation rights. Mrs. Cochran has appealed to this court in a separate case that part of the divorce judgment which awards custody of the children to the father. That appeal is presently pending on our docket, the merits of which are not the subject for determination in this cause.

The question now before us is the trial court's authority to adjudicate custody of the children while the divorce case is pending on appeal.

Mrs. Cochran, who had custody of the children during the divorce proceeding, refused to surrender the children to the father after the divorce hearing and judgment. The father then filed with the trial court an Application for a temporary order seeking custody of the children while the case pends on appeal. The respondent judge sustained a demurrer to the Application on the theory that under 12 O.S.1961, § 1282, the trial court has no jurisdiction over the custody of the children pending an appeal. The father now seeks a writ of mandamus directing the respondent judge to hear and determine his application for custody of the minor children pending the appeal on the merits.

Title 12 O.S. § 1282, provides:

"Every decree of divorce shall recite the day and date when the judgment was rendered. If an appeal be taken from a judgment granting or denying a divorce, that part of the judgment does not become final and take effect until the appeal is determined. If an appeal be taken from any part of a judgment in a divorce

action except the granting of the divorce, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto-may marry another person until six (6) months after the date the decree of divorce is rendered; that part of the judgment appealed *shall not become final and take effect until the appeal is determined.*" (Emphasis supplied.)

Mrs. Cochran argues the purpose and design of this statute is to stay execution or prevent the judgment from taking effect pending an appeal. In other words, Mrs. Cochran would have us maintain the status quo during the pendency of the appeal, which she says is customary in all cases where an appeal is taken when the requirements for an appeal bond has been complied with as in the present case.

While the above statute does suspend a final judgment until the appeal is determined, it does not divest the trial court of its right to temporarily provide and care for the children during its pendency as evidenced by the Legislature's enactment of 12 O.S. §§ 1276, 1277. These statutes specifically confer jurisdiction on the trial court to provide and care for minor children. It contemplates a continuing authority both before and after a final judgment. Section 1276 provides for the trial court's right to control the children of divorcing parents during the pendency of the action. Section 1277 requires the trial court to make provisions for the guardianship, custody, support and education of the minor children with the right to "modify or change any order in this respect, whenever circumstances render such change proper *either before or after final judgment in the action.*" (Emphasis supplied.)

We conclude that the trial court has jurisdiction to hear and determine Mr. Cochran's Application for temporary custody of the minor children while the case is pending on appeal.

Writ of mandamus granted.

All Justices concur.