Donna Jeane FOX, Appellant,

v.

James Larry FOX, Appellee.

Donna Jeane FOX, Appellant,

v.

James Larry FOX, Appellee.

Nos. 79676, 83590.

Supreme Court of Oklahoma.

July 18, 1995.

As Modified on Limited Grant
of Rehearing Oct. 9, 1995.

Donald Lee Ritter, Oklahoma City, for appellant.

James E. Pence, Pence, Housley & Anthony, Barry K. Roberts, Norman, for appellee.

ALMA WILSON, Chief Justice:

The principal issue in this post-divorce dispute is whether the evidence is sufficient to support modification of a permanent child custody order. We find the evidence insufficient to establish that the best interests of the children are directly and adversely affected by a significant change of circumstance of the custodial environment provided by appellant mother. We hold that the district court's order changing custody from the

appellant mother to the appellee father is an abuse of discretion. We dismiss the appellant mother's second appeal, cause No. 83,-590, as having been rendered moot.

The parties were divorced in August of 1988. The divorce decree placed custody of the two children, born November 9, 1983 and December 10, 1985, with the mother and granted reasonable visitation to the father. In May of 1989, the father requested joint custody and, upon hearing, the district court refused to modify the custody. In February of 1992, the father requested that custody be placed with him, alleging that the mother is a lesbian which is contrary to the children's moral and religious values and to their psychological and emotional stability. The trial court granted the father's motion and entered an order changing custody to the father. The Court of Appeals affirmed. We previously granted certiorari.

Approximately two weeks before the Court of Appeals opinion was entered, the mother filed a motion to modify custody, alleging that the father has a history of abusive physical violence and indifference to the needs of the children; and, that after the modification of custody, the father has physically abused his second wife and his parental rights to his child of that marriage have been terminated. At the conclusion of the mother's evidence, the trial court sustained the father's demurrer to the evidence. The mother timely sought appellate review in a separate appeal, cause No. 83,590.

■ We have long recognized the concurrent and coextensive jurisdiction of the district court to enter provisional custody orders during the pendency of an appeal.[1] Expressly providing guidance for the Bench and Bar, *Blair v. District Court of Oklahoma County*[2] held that all issues ancillary to an appeal in a domestic relations case should be first presented to and determined by the trial court and then may be made a part of the principal appeal. The *Blair* holding is codified in our rules of appellate procedure. Rule 1.31 provides that review of a custody order entered in a divorce action during the pendency of an appeal shall be by motion and shall be entertained in the principal appeal.[3] Accordingly, we dispose of the mother's second appeal as a part of this principal appeal. Because we find that the father failed to present evidence which will support a change of custody from the mother to the father, the mother's second appeal, cause No. 83,590, is rendered moot.

■ The father's motion to modify custody was heard in a two-day hearing on April 22 and 23, 1992. The trial court received testimony from numerous witnesses, including opinion testimony from experts, psychological reports evaluating the children, and school records. The trial judge also spoke with each of the two children separately in chambers. The trial court changed custody, finding that: 1) the children were not of sufficient age or understanding to either express a preference or be of aid to the court in determining the issues presented; 2) the mother is unfit, constituting a material change of condition; and 3) custody should

---

**1.** 43 O.S.1991, § 112(A)(3), which provides in part, "If there are children, the court ... may modify or change any order whenever circumstances render such change proper either before or after final judgment...." In *Cochran v. Rambo*, 484 P.2d 500 (Okla.1971), we interpreted this language as vesting jurisdiction in the trial court to provide for the care of minor children and to modify or change an order in this respect, whenever circumstances render such change proper while the case is pending on appeal. And, in *Enyart v. Comfort*, 591 P.2d 709 (Okla.1979), we concluded that the pendency of an appeal is immaterial to the statutory grant of authority to the trial court to make appropriate modifications whenever circumstances render such change proper at any time. *Cochran* and *Enyart* involved the earlier version of 43 O.S.1991, § 112, which was codified at 12 O.S.1971, § 1277.

**2.** 594 P.2d 367 (Okla.1979). The issue in *Blair* was whether the district court retained jurisdiction to hear an application for alimony pendente lite, notwithstanding the pending appeal. The *Blair* Court said that its holding is similar to the recent decision in *Enyart v. Comfort* holding that the trial court retains jurisdiction to determine custody even while the appeal from the trial court's custody adjudication is pending in the Supreme Court and in keeping with the decision in *Cochran v. Rambo* holding that the trial court has jurisdiction to consider the issue of custody even though there is a pending appeal.

**3.** Rule 1.31, Rules of Appellate Procedure in Civil Cases, 12 O.S.1991, ch. 15, App. 2.

be changed. We have thoroughly reviewed the trial court record. We find neither an allegation that the mother is unfit nor any relevant evidence which establishes the unfitness of the mother as a custodial parent. The trial court's finding that the mother is unfit is wholly without evidentiary support and clearly erroneous.

■ However, modification of child custody is equitable in nature and the trial court's change of custody order will be affirmed on appeal if there is evidence showing that the change in custody is in the best interests of the children due to a significant change of circumstance which directly and adversely affects the children.[4] Title 43 O.S.1991, § 112(A)(3) authorizes a trial court to modify a child custody order "whenever circumstances render such change proper...." Thus, we must affirm the trial court's change of custody, if there is supporting evidence even though the trial court's finding that the mother is unfit is clearly erroneous.

■ The evidentiary requirements for a change of a permanent custody order are well established. In *Gibbons v. Gibbons*, 442 P.2d 482 (Okla.1968), we held that the parent asking for modification must establish: 1) a permanent, substantial and material change in circumstances; 2) the change in circumstances must adversely affect the best interests of the child; and, 3) the temporal, moral and mental welfare of the child would be better off if custody is changed. Finding that the paramount consideration in awarding custody on a motion to modify is what appears to be in the best interests of the child in respect to its temporal, mental and moral welfare, and the entire determination must be in light of what is in the child's best interest, *Gibbons* was reaffirmed in *David v. David*, 460 P.2d 116 (Okla.1969). In *David v. David*, 460 P.2d 116, 117 (Okla.1969), we said "The law is clear that in a hearing upon a motion to modify the burden is upon the applicant to show a substantial change in conditions since the entry of the last order or decree which bears directly upon the welfare and best interest of the child." And more recently in *Gorham v. Gorham*, 692 P.2d 1375 (Okla.1984), we emphasized the necessity to show a direct and adverse effect on the child's best interests. Recognizing that it is not the function of this Court to enter a judgment based solely upon individualized conceptions of morality, *Gorham v. Gorham* concluded that, in considering a parent's behavior and a child's best interests, the determinative factor is always the effect of the parent's behavior on the child.

■ We have carefully examined all the evidence to determine whether such proof was presented. We find that it was not. A detailed recitation of all the evidence presented in the two-day trial is not necessary. In summary, the evidence shows that the children are emotionally tied to both their mother and father; that the mother has a loving, nurturing relationship with the children; that the father cares about the children and genuinely desires to have a role in their upbringing; and, that the children are satisfactorily progressing in their social and academic endeavors and they are well-adjusted and happy. There is no evidence that the mother's behavior has any adverse effect on the children.

The father's custody motion was grounded in his assertion that the mother's sexual proclivities are immoral and in contradiction of religious values. However, the father testified that he is not aware of any direct harm to the children and that there are no signs that the children's school performances and behavior patterns or their relationships with the immediate and extended family, peers, and community have been adversely affected by the mother's behavior. And, the father did not present any evidence to prove the essential determinative factor—a significant change of circumstance that directly and adversely affects the children. Hence, we find that the father failed to meet his burden of proof as established in *Gibbons v. Gibbons, David v. David,* and *Gorham v. Gorham,* supra.

4. *Gorham v. Gorham,* 692 P.2d 1375, 1378 (Okla. 1984); and, *Rice v. Rice,* 603 P.2d 1125, 1128 (Okla.1979).

The Court of Appeals determined that there is no evidentiary support for the district court's finding that the mother is unfit. However, the Court of Appeals affirmed the change of custody, concluding that *M.J.P. v. J.G.P.*, 640 P.2d 966 (Okla.1982), "allows a change of custody based *not* on evidence of any *present* detrimental effect a custodial parent's sexual orientation has on his or her child, but rather on the trauma which *may* result in the *future* because of community members' disapproval of or disagreement with the parent's sexual orientation." We do not agree. In *M.J.P. v. J.G.P.*, this Court affirmed the change of custody, finding the evidence to be "of sufficient quality to sustain the trial court's decision that a change of conditions had resulted mandating a change in custody, in the best interests of the child."[5] As we have already determined, the evidence in this case is not of sufficient quality to prove the essential determinative factor—a significant change of circumstance that directly and adversely affects the children.

The trial court's order of modification, filed on May 18, 1992, must be reversed except, the following portion shall remain in effect:

> IT IS FURTHER ORDERED BY THE COURT that both parties are specifically enjoined and prohibited from removing the minor children from the State of Oklahoma without Court permission, except for two week periods for vacation or holiday.

KAUGER, V.C.J., and LAVENDER, SIMMS and SUMMERS, JJ., concur.

HODGES, HARGRAVE, OPALA and WATT, JJ., dissent.