*491
OPINION

LARRY K. LENORA, Chief Justice.
Appellant Elsie N. Blanchard, now Grant, hereinafter referred to as “mother,” appeals the order of the trial court denying her motion to modify custody of the parties’ minor child. This Court AFFIRMS the trial court’s judgment.
Background
As noted in mother’s brief, these parties bring a long and sordid history of contention over their minor child, who is now approaching the age of nine years. Appel-lee Joseph H. Blanchard, hereinafter referred to as “father,” was awarded custody by Decree of Divorce entered the 23rd day of August, 1996. That decision was unap-pealed by mother.
In the following years, multiple motions and contempt citations were filed further evidencing the parties’ continued conflict. Ironically, but not atypically, the parties resumed cohabitation beginning approximately in January of 1998 until approximately October, 1999, when they separated for a second time. The separation was precipitated by alleged physical violence on the part of the father against the mother in the presence of the minor child as well as alleged deficiencies in the father’s parenting abilities. Mother sought and received temporary emergency custody by the trial judge, which remained in effect after a hearing on November 16, 1999. The temporary custody of the minor child was placed with the mother pending resolution of mother’s motion to modify. Final hearing upon the mother’s motion to modify took place on March 21, 2000.
The trial court, after having heard extensive evidence concerning the parties’ parenting abilities, found that the movant mother had faded to meet her burden in establishing a change of circumstance sufficient to justify a change of custody.
Issues Raised Upon Appeal
Mother raises two propositions which she urges require reversal of the trial court’s decision. Her first proposition is that the mother should have custody of the minor child according to Sac and Fox tradition and culture. Her second proposition is that the mother met her burden to show a change of circumstance and the trial court abused its discretion by not sustaining her motion to modify.
Father counters that mother failed to meet her burden of proof by failing to demonstrate a material change of circumstance.
Standard of Review
Trial judges are in a unique position to weigh and determine evidence. Trials, for the most part, are exercises in truth-finding. As a general rule, no one is in a better position to resolve often conflicting evidence than the trial court itself. This court will not ordinarily substitute its judgment for that of the trial court absent an abuse of discretion. Though this court will review the evidence presented to the *492 trial judge, that judge’s determination will not be reversed in matters pertaining to custody modifications unless it is so clearly against the weight of the evidence as to constitute an abuse of discretion. Thus, deference will be given to the trial court in determining custodial matters by virtue of the trial court’s unique position to observe the conduct and demeanor of witnesses examined at trial. This court is guided by persuasive authority of Price v. Price, 302 P.2d 772 (Okl.1956), David v. David, 460 P.2d 116 (Okl.1969), and Manhart v. Manhart, 726 P.2d 1234 (Okl.1986).
Mother’s Alleged Gender-Based Preferred Status as Caregiver
The mother cites certain reference materials as well as oral testimonies in support of her proposition that, by virtue of tribal custom and tradition, she is a preferred custodian based upon her gender. Father correctly replies that such a purported gender-biased preference is not incorporated at any place in the Sac and Fox Code of Laws. This court declines to address said issue.
Assuming arguendo that such a preference existed through Sac and Fox custom, such an argument would be more properly addressed to the original determination of custody by the trial court in 1996. Certainly, if a tribal preference existed for mothers to be caretakers, such custom or preference would be obviated by an award of custody to the father which remained in effect for over four years. Mother has cited no authority that the purported tribal custom preference is applicable on a motion to modify custody after initial award of custody to the father.
These expressions aside, nothing in this opinion should be construed as this court determining that a gender-based preference exists by law or tribal custom and tradition at any stage of family law controversies. It is simply unnecessary to reach that issue in disposition of this case.
Trial Court’s Determination as to Change of Circumstance
The facts of this case would certainly lead a lay person to conclude that mother had reasonable expectations of retaining custody. As noted earlier, the parties were divorced in 1996 and then began a pattern of cohabiting in early 1998. Certainly, the parties themselves, as well as friends, acquaintances, and relatives, would view their cohabitation for a period in excess of 22 months as one of “wiping the slate clean” in regard to the trial court’s prior custodial determination. To further complicate matters, the trial court granted mother emergency custody in late October of 1999 after father purportedly left the home as well as the child and such exclusive custody with mother continued until the final hearing in March of 2000. Once again, the perception by individuals viewing the factual scenario from outside the legal system would think that mother had regained and retained custody of her child.
As the trial court observed, however, no allegation was made by mother that the parties had remarried. To the contrary, the only evidence before the trial court was that no remarriage had occurred. Certainly, had the parties remarried, the prior divorce would have been, in effect, set aside. Absent such marriage, however, the parties remained single individuals. Obviously, both parties considered themselves single by virtue of both periodically cohabiting with members of the opposite sex other than each other.
The Code of Laws requires that all marriages and divorces, whether consummated in accordance with state law or in accordance with tribal law or custom be record *493 ed, Title 6 § 1101, Sac and Fox Code of Laws. Though tribal custom marriage as well as tribal custom divorce continues to be recognized (Sac and Fox Code of Laws, Title 6 § 1102), neither party alleged such an arrangement. Further, a specific procedure exists to set aside a divorce decree, which would have had the effect of reinsti-tuting custody to both parties, but it was neither alleged nor proven that such an action was taken, Title 6 § 1130, Sac and Fox Code of Laws. Absent any proof that the parties had reestablished their marriage, the court’s prior custodial determination remained in full force and effect. Thus, the mother was faced with the burden of persuading the trial court that a change of circumstance had occurred.
The authority of a trial court to modify a decree of divorce, once rendered, is found at Title 6 § 1116 of the Sac and Fox Code of Laws. In part, this section reads as follows:
A petition or cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action, (emphasis added)
Mother cites as persuasive authority Gibbons v. Gibbons, 442 P.2d 482 (Okl.1968) as the appropriate standard. This court notes that in addition to the change of circumstance, the “Gibbons” test, as referred to in state court, further requires that the change of circumstance directly affects the best interest of the child and that, as a result of the change of circumstance, the child would be substantially better off with respect to its temporal, mental and moral welfare if the change of custody were ordered, Gibbons v. Gibbons, supra, at 485.
The trial court obviously found that evidence was insufficient to convince him that a change of circumstance had occurred which, in the language of § 1116, would render the “change proper.” Under the standard of review outlined above, it cannot be said that the trial court abused its discretion in making such a determination.
Though evidence was submitted as to the shortcomings of both parents as well as the minor child’s apparent school deficiencies and some behavioral deficiencies, this court will not substitute its judgment for the trier of fact. Absent an abuse of discretion, the trial court’s determination as to the credibility of the witnesses and evidence presented should be, and is hereby, given deference. Accordingly, the trial court’s holding is AFFIRMED.
Concurring: Justice MERZ; Justice McClelland.
Not Participating: Justice GRANT.