2007 OK CIV APP 60

**Tammy Faye MARSH, Plaintiff/Appellee,**

v.

**Mark Lynn MARSH,
Defendant/Appellant.**

**No. 103,350.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

May 25, 2007.

Robert Stormont, Oklahoma City, OK, for Plaintiff/Appellee.

Edward F. Saheb, Norman, OK, for Defendant/Appellant,

BAY MITCHELL, Vice–Chief Judge.

¶ 1 This case results from a divorce granted to Defendant/Appellant Mark Lynn Marsh (Father) and Plaintiff/Appellee Tammy Faye Marsh (Mother). The present appeal concerns the trial court's denial of Father's motion to modify permanent custody

of the parties' now five-year-old daughter (Minor Child). After a hearing on the issue, the trial court denied Father's motion to modify because he failed to meet the burden of proof set forth in *Gibbons v. Gibbons,* 1968 OK 77, 442 P.2d 482. Based on Father's failure to produce a record sufficient to show the trial court's ruling was contrary to the weight of the evidence, we presume the trial court did not err and affirm its decision denying Father's motion to modify permanent custody.

¶ 2 Pursuant to the parties' divorce decree, filed October 22, 2001, Mother had custody of Minor Child and Father had visitation rights. Father filed a motion to modify custody on June 21, 2005, alleging, among other things, medical and dental neglect, lack of proper supervision, and drug and alcohol abuse by Mother, as well as suspicious behavior of a sexual nature by Minor Child that required further investigation by medical and psychological professionals. On July 8, 2005, Father filed an application for emergency temporary custody alleging and attaching the narrative statement of Robert Westcott, M.D., which indicates possible sexual abuse of Minor Child. The trial court granted Father's application for emergency temporary custody July 19, 2005, until further hearing and pending the outcome of an investigation into the matter by the Department of Human Services (DHS).

¶ 3 The burden is on the parent seeking to modify permanent custody to establish: (a) that, since the making of the order sought to be modified, there has been a permanent, substantial and material change of conditions which directly affect[s] the best interests of the minor child, and (b) that, as a result of such change in conditions, the minor child would be substantially better off, with respect to its temporal and its mental and moral welfare, if the requested change in custody be ordered. *See Gibbons v. Gibbons,* 1968 OK 77, ¶ 12, 442 P.2d 482, 485; *see also Daniel v. Daniel,* 2001 OK 117, ¶ 17, 42 P.3d 863, 869. After a hearing, the trial court found Father failed to meet the *Gibbons* criteria and ruled custody of Minor Child shall revert to Mother, with Father to have visitation rights per its prior order. The trial court further directed both parties to attend certain parenting programs, with Minor Child to have counseling. It is from that order Father filed the present appeal.

¶ 4 Custody and visitation are matters of equitable cognizance and are left to the sound discretion of the trial court. *See Kahre v. Kahre,* 1995 OK 133, 916 P.2d 1355. Accordingly, we review custody modification decisions for abuse of discretion. See *Casey v. Casey,* 2002 OK 70, ¶ 23, 58 P.3d 763, 770. We will not disturb the trial court's decision regarding a motion to modify custody unless it is clearly against the weight of the evidence so as to constitute an abuse of discretion. *See Williamson v. Williamson,* 2005 OK 6, ¶ 5, 107 P.3d 589, 591.

¶ 5 In making a custody determination, the best interests of the child are of paramount concern. *See Gorham v. Gorham,* 1984 OK 90, ¶ 13, 692 P.2d 1375, 1378. "One who challenges the trial court's determination on custody, based on the best interests of the children, has the burden of demonstrating an abuse of discretion, and must put forth the evidence relied upon to establish the trial court's error and must affirmatively show how this evidence shows the trial court's decision to have been contrary to the children's best interests." *Shaw v. Hoedebeck,* 1997 OK CIV APP 69, ¶ 11, 948 P.2d 1240, 1243, citing *David v. David,* 1969 OK 164, 460 P.2d 116, *Gibbons v. Gibbons,* supra, and *Gorham v. Gorham,* supra. Absent such a showing, the trial court's determinations are presumptively correct and we will not reverse the custody award. *See Hoedebeck,* ¶ 11, 948 P.2d at 1243, citing *Carpenter v. Carpenter,* 1982 OK 38, 645 P.2d 476.

¶ 6 "The appellant bears the undivided responsibility for producing to a court of review a record that will adequately demonstrate error in the trial court's decree because the findings are contrary to the weight of evidence. The appealing party must include in the record for appeal all materials necessary for corrective relief." *Ray v. Ray,* 2006 OK 30, ¶ 12, 136 P.3d 634, 637. "An appellant bears total responsibility for including in the appellate record all materials necessary for corrective relief." *Hulsey v. Mid–*

*America Preferred Ins. Co.,* 1989 OK 107, ¶ 7, 777 P.2d 932, 936; *Hamid v. Sew Original,* 1982 OK 46, ¶ 7, 645 P.2d 496, 497.

¶ 7 We will not presume error on appeal. *See Fleck v. Fleck,* 2004 OK 39, ¶ 12, 99 P.3d 238, 240–41. "The appellant must affirmatively show the alleged error from the record on appeal. Otherwise, the Court will presume that no prejudicial error was committed by the trial court." *Id.* In the absence of a complete record, we must presume the trial court did not err. *See Hamid v. Sew Original,* 1982 OK 46, ¶ 7, 645 P.2d 496, 497. "Without examining all the evidence considered by the trial court at that hearing, we cannot conclude, as we must in order to reverse, that the trial court's decision was clearly against the weight of the evidence." *Martin v. Martin,* 2004 OK CIV APP 55, ¶ 13, 92 P.3d 717, 719, citing *In the Matter of the Estate of Fields,* 1998 OK CIV APP 129, ¶ 12, 964 P.2d 955, 959.

¶ 8 Here, the only items from a multi-day trial Father designated for inclusion in the appellate record are transcripts of the testimony of three of his own witnesses. Father further limited such excerpts to those witnesses' testimony on direct examination only. No other evidence from the trial, whether documentary or testimonial in nature, appears in the record before us on appeal. The substandard record Father chose to submit for our review fails to disclose those factors necessary for this Court to analyze in determining where the clear weight of the evidence lies, and is insufficient, therefore, to show the trial court committed error.

¶ 9 AFFIRMED.

ADAMS, J., and JOPLIN, P.J., concur.