SWANN, Judge.
This interlocutory appeal is from a Circuit Court order which denied a motion to dismiss a complaint for construction of the will of Fleming G. Railey, deceased.
This litigation originally began when Lilburn R. Railey, Jr. a beneficiary of a trust created by the will, filed a petition, ultimately amended, in the Circuit Court of Dade County, Florida. In Count One Railey sought a construction of the terms of one of the trusts created by the will. In Count Two he prayed that the court determine that the Trustees named in the will had wrongfully abused their discretionary powers; that they be required to account for and pay over monies wrongfully withheld by them; that they be removed as Trustees; and that suitable successor trustees be appointed in their place.
The trustees in turn filed (apparently in the same action) a pleading entitled “Com *87 plaint for Construction of Will”. Essentially, they alleged therein that Lilburn R. Railey had filed the above mentioned amended petition seeking removal of the trustees, and that “it was a specific design and intent of the decedent as manifested in his Will, * * * that should one of the beneficiaries named therein institute legal proceedings such as that represented by Count II of the Amended Petition * * * that said beneficiary would then forfeit his or her entire interest under the Will.” The trustees prayed that the court construe the will to mean that Lilburn R. Railey had forfeited his entire interest as beneficiary under the will and trusts of Fleming G. Railey by seeking relief under Count II of his amended petition.
The court denied Lilburn Railey’s motion to dismiss and this appeal follows. No argument as to procedure in the trial court has been advanced, and we, therefore, proceed to consider the merits.
Clause XV of the will provided:
“Should any beneficiary under this Will, excepting my wife, contest the probate or validity of this Will or any provision thereof, or institute or join in (except as a party defendant) any proceeding to contest the validity of this Will or to prevent any provision thereof from being carried out in accordance with its terms (regardless of whether or not such proceedings are instituted in good faith and with probable cause), then such beneficiary shall forfeit his entire interest hereunder and such interest shall pass as part of Part II of the residue of my estate. Provided, however, that if such beneficiary is one of the takers of the residue (or of a remainder interest in the trusts created under Articles IV and V hereof) his interest shall be divided proportionately among the other persons entitled to such residue (or remainder interest). Each benefit conferred herein, except for the provisions made for the benefit of my wife, is made on the condition precedent that the beneficiary shall except and agree to all of the provisions of this Will and the provisions of this Article are an essential part of each and every benefit. This Article shall not be construed to limit the appearance by any beneficiary as a witness in any proceeding for the probate of this will, nor limit his appearance in any capacity in a proceeding for its construction.” Emphasis added.
Appellant Railey contends that this clause should not be construed so as to make it applicable to a proceeding to remove trustees for their wrongful abuse of their fiduciary powers.
Appellees argue, on the other hand, that the “no contest” clause of the will has been violated and that under Florida law a forfeiture must be declared unless the appellant Railey defends and proves both probable cause and good faith. They cite Porter v. Baynard, 158 Fla. 294, 28 So.2d 890, 170 A.L.R. 747 (1946).
It seems clear, however, that the trial judge has never ruled on the applicability, or validity, of the aforesaid clause, in this case. He has simply entered his order which denied the Motion to Dismiss.
Under Rule 1.110 RCP, 30 F.S.A. a pleading must state a cause of action and shall contain a short and plain statement of ultimate facts. It does not appear that the complaint herein alleged “ultimate facts”, when it alleged institution of legal proceedings “such as that represented by Count Two of the Amended Petition” was sufficient to constitute and invoke a forfeiture provision under the Will. Therefore, the Motion to Dismiss should have been granted.
It is my view that this cause should be reversed and remanded with directions to permit the appellees a reasonable time in which to file an amended complaint. See Staples v. Battisti, Fla.App.1966, 191 So.2d 583; 10 Fla.Jur., Dismissal § 17.
The majority, however, is of the view that the complaint for construction of will could not be amended to state a cause of action *88 for forfeiture, under the circumstances set forth therein.
Accordingly, the order denying the Motion to Dismiss is reversed and the cause remanded for entry of an order dismissing the complaint.
It is so Ordered.