**Kathy Jo SLOVER, Petitioner,**

v.

**The Honorable Thomas C. SMITH, Jr., Respondent.**

**No. 71,399.**

Supreme Court of Oklahoma.

Oct. 25, 1988.

Gary W. Dart, Legal Aid of Western Oklahoma, Oklahoma City, for petitioner.

Charles O. Schem, Midwest City, for respondent.

## ORDER ASSUMING JURISDICTION AND GRANTING WRIT OF PROHIBITION

HARGRAVE, Acting Chief Justice.

The natural parents of a two-year-old son were divorced in 1984. The mother [petitioner] received custody and the father was ordered to pay support. Near the end of 1984 both parents filed a joint motion to modify custody. By modification order that followed, the father received custody and " ... *no child support ... [was] ordered payable by either party.*" [Emphasis added.]

In the spring of 1988 the parental grandparents instituted an adoption case, which is the underlying proceeding that gave rise to the invocation of our original jurisdiction in this cause. The father's consent was sought, but the mother's was deemed judicially dispensable because she had allegedly failed to support the child in accordance with her financial ability for over a period of one year. The mother appeared and moved to dismiss. The trial judge [respondent] refused; he ruled the provisions of 10 O.S.Supp.1987 § 60.6(2)(b) were applicable and then set the matter for an evidentiary hearing to determine if the mother had contributed to the child's support within the preceding year in accordance with her financial ability. The latter action precipitated the instant proceeding for a writ of prohibition.

For the reasons to be stated, we assume original jurisdiction and grant the writ prohibiting the respondent, Thomas C. Smith, Jr., Judge of the District Court, Oklahoma County, from proceeding further in Cause No. PA–88–150, District Court, Oklahoma County, styled *In the Matter of the Adoption of Joseph Edward Slover.*

A natural parent who pays no child support in reliance on a prior *explicit* judicial exoneration of any financial obligation is neither refusing substantially to comply with a court order nor becomes liable to provide support according to one's financial ability. Under the provisions of 10 O.S. Supp.1987 § 60.6(2)(a) and (b),[1] *no* adoption

**1.** The terms of 10 O.S.Supp.1987 § 60.6(2)(a) and (b) provide:

"A child under eighteen (18) years of age cannot be adopted without the consent of its parents, if

can be effected without the consent of that natural parent who stands *explicitly* relieved of support duty by an extant and valid court order in effect at the time eligibility for a nonconsensual adoption is sought to be judicially established.

JURISDICTION ASSUMED; WRIT OF PROHIBITION GRANTED.

HODGES, OPALA, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

DOOLIN, C.J., and LAVENDER and ALMA WILSON, JJ., concur in part and dissent in part.

living, except that consent is not required from:
2. A parent who, for a period of twelve (12) months immediately preceding the filing of a petition for adoption of a child, has willfully failed, refused, or neglected to contribute to the support of such child:
    a. *in substantial compliance with a support provision contained in a decree of divorce, or a decree of separate maintenance or an order adjudicating responsibility to support* in a reciprocal enforcement of support proceeding, paternity action, juvenile proceeding, guardianship proceeding, or orders of modification to such decree, or other lawful orders of support entered by a court of competent jurisdiction adjudicating the duty, amount, and manner of support, or

    b. *according to such parent's financial ability to contribute to such child's support if no provision for support is provided in a decree of divorce or an order of modification subsequent thereto;* or and where any of the above conditions exist it shall not be necessary to terminate parental rights under Section 1130 of this title prior to the adoption of said child. Provided that any decree of adoption heretofore entered by any court of appropriate jurisdiction within the State of Oklahoma wherein termination of parental rights, as prescribed in Section 1130 of this title, was not obtained shall not be invalid on the ground that such termination of parental rights was not obtained ..." [Emphasis added.]