2004 OK 39

**David Anthony FLECK,
Plaintiff/Appellee,**

v.

**Kathy Eileen FLECK,
Defendant/Appellant.**

No. 97,428.

Supreme Court of Oklahoma.

June 1, 2004.

Lawrence E. Bonnell, Purcell, OK, for Appellee.

Barry K. Roberts, Norman, OK, for Appellant.

HODGES, J.

## I. ISSUES

¶ 1 The dispositive issue presented for our review is whether the appellant met her burden of producing a record sufficient to show that the trial court erred. We find that the appellant produced a substandard record for this Court's review and that the appellant's allegations of error are not supported by the record on appeal.

## II. UNDISPUTED FACTS

■ ¶ 2 Because no transcript or narrative statement is included in the record on appeal, this Court's review is confined to the docket sheet, the documents filed of record and designated for review by the parties, and the facts to which both parties agree. *Booth v. McKnight,* 2003 OK 49, ¶ 14, 70 P.3d 855, 861. The plaintiff, David Fleck (Fleck), and the defendant, Kathy Fleck (now Thompson), were married in 1980. Fleck filed a petition for divorce on January 9, 2001, attaching a plan for joint custody. Thompson answered also seeking joint custody. As reflected in the April 27, 2001 court minute approving the parties' agreement for joint custody, both parties initially agreed that joint custody would be in the best interest of their minor child, JDF.

¶ 3 On May 2, 2001, Fleck filed an application for contempt against Thompson alleging that she had violated a provision of an unwritten order which was entered in court on April 26, 2001. On July 11, 2001, the trial court found that Thompson had not willfully violated the April 26th order and, therefore, was not guilty of contempt.

¶ 4 On April 27, 2001, a court minute was filed showing that the divorce was granted. The minute does not include any details concerning custody. On July 12, 2001, Fleck filed a motion to modify custody. In the motion, he asserted that Thompson was moving and that she wanted to change JDF's school. Fleck asked that the court terminate the joint custody arrangement and that he be awarded primary custody.

¶ 5 Shortly thereafter, the divorce decree was entered with the court awarding custody of JDF jointly to both parties. On August 6, the trial court ordered that JDF remain in Purcell Schools and that joint custody remain in place. At the same hearing, the trial court ordered Dr. Leslie Bell, JDF's counselor, to submit a report on JDF's well being and custodial preference. On September 13, Fleck filed a motion for an emergency custody order. In the motion, he stated that Thompson had sought a victim's protection order against him in another county, compromising the cooperation necessary for joint custody. Thompson admitted that she had asked for the victim's protection order.

¶ 6 As documented by a court minute, the trial court held a custody hearing on October 9, 2001. At the hearing, the parties agreed that the judge could meet in private with JDF's counselor. After meeting with the counselor, the judge awarded custody to Fleck and visitation to Thompson. In a progress report, the counselor stated that the parents' fighting caused JDF a great deal of anxiety and stress. In an order filed on February 5, 2002, the trial judge found that the counselor had not made any negative statements about either parent during her private discussion with the judge and, in JDF's best interests, awarded primary custody to Fleck with visitation to Thompson.

## II. DISPUTED FACTS

■ ¶ 7 Thompson argues that the trial court did not hold a custody modification hearing. This statement is not supported by

the record. The docket sheet shows that a court minute was entered setting a hearing for October 9, 2001, on Fleck's motion to modify. This court minute is not included in the record. Absent proof otherwise, we must assume that the docket sheet accurately reflects the contents of the order and that Thompson received notice of the custody hearing. *Davidson v. Gregory,* 1989 OK 87, ¶ 9, 780 P.2d 679, 682–83. A subsequent court minute shows the court held a hearing on the motion to modify, and Thompson appeared at the hearing. It is uncontroverted Thompson agreed to allow the judge to take testimony from the JDF's counselor in private. Based on the record before this Court and the parties' statement of the facts, we are compelled to find that the trial court held a hearing on the issue of custody, that Thompson appeared at the hearing, and that the court received testimony in private with Thompson's consent. *See Booth,* 2003 OK 49 at ¶ 14, 70 P.3d at 861.

¶ 8 Fleck's and Thompson's versions of what occurred at the hearing are substantially different. In her brief, Thompson argues: "The parties were not permitted to present witnesses or evidence, to make arguments, nor to conduct a trial of any kind on the issue of modification of child custody." In contrast, Fleck's version is that the judge met with the counselor in private at the request of Thompson's attorney. The judge then met with the parties and their attorneys in chambers at which time the judge asked if either party would like to present any additional evidence or arguments. Both parties declined to present any further evidence or argument. Thompson did not object to these proceedings or ask for a reporter and make an offer of proof. The discrepancies in the parties' stories illustrate the problems which occur when an appellant tenders a substandard record on appeal.

## III. ANALYSIS

¶ 9 The standard of review in custody proceedings is whether the decree is against the clear weight of the evidence. *Kahre v. Kahre,* 1995 OK 133, ¶ 19, 916 P.2d 1355, 1360. The burden is on the appellant to produce a record sufficient to show that the custody award was contrary to the child's best interest or that her right to procedural due process was violated. *Daniel v. Daniel,* 2001 OK 117, ¶ 21, 42 P.3d 863, 871. We review the facts with these standards in mind.

¶ 10 The essence of Thompson grievance is that her rights were violated because she was not allowed to present evidence on the custody issue at the hearing. Section 2104 of title 12 provides: "Error may not be predicated upon a ruling which ... excludes evidence unless ... the substance of the evidence was made known to the judge by offer...." It was Thompson's duty at the time of the hearing to offer evidence, and, if it was excluded, to make an offer of proof. Based on our review of the record and recognizing Thompson burden, this Court must conclude for purposes of our analysis that Thompson did neither of these. *See Pracht v. Oklahoma State Bank,* 1979 OK 43, ¶ 5, 592 P.2d 976, 978.

¶ 11 In *Hamid v. Sew Original,* 1982 OK 46, 645 P.2d 496, the appellant tendered a substandard record to this Court. As in the present case, the record consisted of the court clerk's file and a statement of the proceedings prepared by the appellant. Rejecting the allegations of error, this Court found that sanctioning the unauthorized attempt to get facts before an appellate court "would offend the fundamental notions of fairness that are protected by both the state and the federal due-process clauses." *Id.* at ¶ 4, 645 P.2d at 497. The fact that in the present case, Thompson's statement is not a separate document but part of the brief is irrelevant. Her allegations of error are not supported by the record. Rather than utilizing one of several available options such as submitting a proper narrative statement, *see* Okla. Stat. tit. 12, ch. 15, rule 1.30 (2001), or asking for a court reporter and making an offer of proof, *see id.* at § 2104, Thompson chose to appeal without submitting a record which would support her allegations of error. The substandard record is void of support for Thompson's allegations of error.

¶ 12 On appeal, this Court will not presume error. The appellant must affirmatively show the alleged error from the record

on appeal. Otherwise, this Court will presume that no prejudicial error was committed by the trial court. *Pracht,* 1979 OK 43 at ¶ 5, 592 P.2d at 978. Because the record is silent on what evidence was submitted at the custody hearing and whether appellant was given the opportunity to present additional evidence and declined, this Court must assume that the trial court's order terminating joint custody and awarding primary custody to Fleck was supported by the evidence. *Chamberlin v. Chamberlin,* 1986 OK 30, 720 P.2d 721.

## CONCLUSION

¶ 13 Even though artfully couched, the Thompson's argument must fail. Although Thompson complains of insufficient evidence to support the award of custody to the Fleck, it was her burden to offer evidence at the hearing which supported her position, and, if excluded, to make an offer of proof. It was also her burden to submit an appellate record which would support her allegations of error. By failing to meet her burdens, Thompson has failed to preserve the alleged error for review. Thus, this Court cannot say that the trial court erred. The Court of Civil Appeals' opinion is vacated, and the trial court's order is affirmed.

COURT OF CIVIL APPEALS' OPINION IS VACATED; TRIAL COURT'S ORDER IS AFFIRMED.

¶ 14 WATT, C.J., HODGES, HARGRAVE, WINCHESTER, EDMONDSON, JJ., concur.

¶ 15 OPALA, V.C.J., KAUGER, BOUDREAU, JJ., concur in result.

¶ 16 LAVENDER, J., not participating.