2009 OK 34

In re The LORICE T. WALLACE REVO-
CABLE TRUST Dated December 26,
1974, as Restated Effective October 5,
1993 and as Amended on February 12,
1998, the Lorice T. Wallace Irrevocable
Trust Dated February 8, 1996, and the
Lorice T. Wallace Irrevocable Trust Dat-
ed September 11, 1992, also known as the
Lorice T. Wallace Life Insurance Trust,
and the Lisa Frances Wallace Discre-
tionary Spendthrift Trust.

The Trust Company of Oklahoma and
Ronald Saffa, Petitioners–
Appellees,

v.

Mary Roma Wallace Jage, Respondent–
Appellant.

No. 104,036.

Supreme Court of Oklahoma.

May 26, 2009.

Rehearing Denied Oct. 1, 2009.

James C. Milton, Elizabeth W. Carroll, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, Oklahoma, Attorneys for Petitioner–Appellee, The Trust Company of Oklahoma,

James E. Poe, Covington & Poe, Tulsa, Oklahoma, Attorney for Petitioner–Appellee, Ronald J. Saffa.

Joan Godlove, Tulsa, Oklahoma, for Respondent–Appellant.

WINCHESTER, J.

¶ 1 On June 30, 2006, the petitioners-appellees, The Trust Company of Oklahoma and Ronald Saffa, filed a pleading entitled "Application for Instructions, and Brief in Support, Regarding Conduct in Apparent Violation of the No–Contest Provisions of the Lorice T. Wallace Revocable Trust and the Lorice T. Wallace Irrevocable Trust." After a hearing the trial court found that the respondent-appellant, Mary Roma Wallace Jage, had violated the no-contest provisions included in the two trusts.[1] The trial court ordered that Ms. Jage should receive no distribution from the trusts.

¶ 2 "The subject of trusts and the control of trust estates are cognizable only by courts of equity." *Peyton v. McCaslin,* 1966 OK 4, ¶ 11, 417 P.2d 316, 320. In an equitable matter, the Court will examine the whole record and weigh the evidence, but the trial court's findings will not be disturbed in that review unless they are clearly against the weight of the evidence or some governing principle of law. *Estate of Sneed,* 1998 OK 8, ¶ 8, 953 P.2d 1111, 1115.

## II. JURISDICTION

¶ 3 Ms. Jage initially asserts that all Oklahoma state courts lost all jurisdiction when Stephen P. Wallace, the brother of Ms. Jage, and a party to the underlying trust case, notified the clerk of the Tulsa County District Court that PT 2002–56 had been removed to U.S. District Court for the District of Columbia on October 23, 2006. After the notice was filed, the trial judge heard arguments concerning whether he should stay further proceedings until the federal court decided if the case should be remanded. The judge determined that the proceedings would not be stayed.

¶ 4 Ms. Jage cites numerous cases in an attempt to support her proposition that a state court loses all jurisdiction when a notice of removal is filed with that court. Besides cases from federal district courts, she cites cases from the 1st, 3rd, 4th, 8th, 9th, and 11th federal circuit courts.[2] As statutory

---

1. The trust provisions are quoted in Ms. Jage's Brief–in–Chief, page 1, as follows: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, that person or persons shall take nothing from this Trust and distribution shall be made as though that person or persons did not exist. (Lorice T. Wallace Revocable Trust, § 1.03, TCO/Saffa Application, pp. 1–2, 996–97)." The second provision quoted is: "If any person shall, in any manner, directly or indirectly, contest the validity of this Trust, or any part thereof, or any of the provisions for distribution, that person or those persons shall receive no distribution from this Trust and distribution shall be made as though that person or persons did not exist. (Lorice T. Wallace Irrevocable Trust, art. IX, TCO/Saffa Application, p. 2; R.)." The third provision quoted by Ms. Jage is: "It is the intention of the Grantor to prevent and eliminate as much of the disharmony, the destruction of relation-

ships, and disputes among the descendants of the Grantor as possible. (Amendment No. 1, § 3, Lorice T. Wallace Revocable Trust, TCO/Saffa Application, pp. 11–12; R. 1006–07)."

2. *Commonwealth of Mass. v. V & M Mgmt.,* 929 F.2d 830 (1st Cir.1991); *In re Diet Drugs Prods. Liability Litig.,* 282 F.3d 220 (3rd 2002); *Yarnevic v. Brink's,* 102 F.3d 753 (4th Cir.1996); *Ward v. Resolution Trust,* 972 F.2d 196 (8th Cir.1992); *Resolution Trust v. Bayside Developers,* 43 F.3d 1230 (9th Cir.1995); *Maseda v. Honda Motor Co.,* 861 F.2d 1248 (11th Cir.1988). For example, In *South Carolina v. Moore,* 447 F.2d 1067, 1073 (4th Cir.1971), that court, after citing § 1446, opined that after the filing of a petition in federal court and prior to a federal remand, any proceedings in a state court held within those boundaries are absolutely void, even when a subsequent determination is made that the removal petition is ineffective.

support, she cites 28 U.S.C. § 1446(d) (2006), which provides:

"Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

¶ 5 But the cases cited by Ms. Jage are distinguishable. Subsection § 1446(a) [3] requires that a defendant who desires to remove a civil action or criminal prosecution from a state court must file in the federal district court for the district and division within which such action is pending, which in this case would be the United States District Court for the Northern District of Oklahoma.

¶ 6 The attempted removal was, as the D.C. court called it, a hybrid notice of removal and civil rights claim.[4] The issue Mr. Wallace attempted to remove involved his judgment and sentence entered by the Oklahoma district court against him for indirect contempt of court.[5] He included a complaint for violations of his civil rights.[6] Both of these were personal to Mr. Wallace, and did not involve Ms. Jage. The D.C. court observed that, "The plaintiff has wasted the time and money of all parties that have been subject to his repeated assault of unfounded and identical lawsuits, in a manner that can only be described as an attempt to harass and unduly delay the lawful proceedings of the Oklahoma courts." [7] Mr. Wallace was sanctioned by the D.C. court and enjoined from filing any lawsuits in that court of any kind concerning the actions, circumstances, transactions, or other events against the named defendants or any related parties with respect to the trust cases.[8] In affirming his conviction for indirect contempt of court, this Court found that the attempts of Mr. Wallace to remove this case from this Court to federal courts in the District of Columbia and the Northern District of Texas were frivolous, abusive, and bad faith attempts to delay his own appeal to this Court.[9]

¶ 7 Oklahoma has long recognized the power inherent in the court to control its own docket, that courts are created for the purpose of administering justice under the law, and that to accomplish that purpose a court must have the power to facilitate and expedite causes before it so long as the reasonable exercise of these inherent powers do not prejudice the rights of the parties involved. *Hambright v. City of Cleveland,* 1960 OK 184, ¶ 15, 360 P.2d 493, 496. There are 94 United States District Courts, and 89 districts in the 50 states.[10] If the Oklahoma district courts were required to stay proceedings while litigants filed frivolous cases in any of the federal district courts, and multiple times in the same federal courts throughout the United States, no justice would be administered. Such a scenario cannot be what Congress intended in enacting 28 U.S.C. § 1446(d) (2006). The Tulsa County District Court did not lose jurisdiction of the trust case under the federal statute when a party, not the respondent-appellant, attempted to remove his own indirect contempt of court case to a federal court outside the

---

3. Subsection § 1446(a) provides: "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

4. Footnote 3, page 2 of Memorandum Opinion of the United States District Court for the District of Columbia.

5. Footnote 4, pages 2 and 3 of Memorandum Opinion of the United States District Court for the District of Columbia.

6. Page 1 of Memorandum Opinion of the United States District Court for the District of Columbia.

7. Page 4 of Memorandum Opinion of the United States District Court for the District of Columbia.

8. Page 5 of Memorandum Opinion of the United States District Court for the District of Columbia.

9. *In re Wallace,* 2009 OK 16, ¶ 19, 204 P.3d 80.

10. http://www.uscourts.gov/faq.html, 4/22/2009, citing 28 U.S.C., §§ 81–144.

district and division within which case number PT 2002–56 was pending.

## II. FORFEITURE

¶ 8 Ms. Jage cites 60 O.S.2001, § 175.57(A) [11] from the Oklahoma Trust Act to support her assertion that the beneficiary to a trust has an inherent right to challenge a fiduciary's action. From this statute she concludes, as a beneficiary of the trusts, that her right to sue the fiduciaries of the trusts is a statutory right and that enforcement of "no-contest" clauses in the trusts are therefore against public policy. She cites cases to support her proposition that a beneficiary's action to oust a fiduciary or other proceedings asserting a breach of fiduciary duty in the administration of the estate did not constitute conduct within the meaning of the "no-contest" provision at issue.[12] But neither the trial court judge nor the appellees question this rule.[13]

¶ 9 This Court has previously held that the validity of no-contest clauses has been explicitly and implicitly acknowledged by this Court and is favored by public policy. *Estate of Westfahl,* 1983 OK 119, ¶ 4, 674 P.2d 21, 23. *Westfahl* defined the word "contest" as it pertains to a no-contest clause as "any legal proceeding designed to result in the thwarting of the testator's wishes as expressed in the will." In addition, whether there has been a contest is decided according to the circumstances of each case. *Estate of Westfahl,* 1983 OK 119, ¶ 5, 674 P.2d at 24. *Westfahl* identified and adopted the rule that a forfeiture clause should not be invoked if the contestant has probable cause to challenge a will based on forgery or subsequent revocation by a later will or codicil. *Estate of Westfahl,* 1983 OK 119, ¶ 6, 674 P.2d at 24.

¶ 10 In this forfeiture proceeding, the trial court examined whether Ms. Jage had probable cause to challenge the validity of the trusts, based on fraud and undue influence, as alleged by Ms. Jage. The trial court found that the court determined, by the journal entry of March 25, 2002, Case No. PT–2000–21, the controlling terms of the trusts. That journal entry was not appealed. When Ms. Jage filed a federal complaint on May 9, 2006, which the trial court characterized as a collateral attack on the March 25, 2002, journal entry, the trial court concluded the federal lawsuit lacked probable cause and used that conclusion as the basis for finding Ms. Jage had violated the no-contest provisions of each trust.

¶ 11 We agree with that determination of the trial court. The record reveals that the litigation over these trusts includes numerous lawsuits, which have continued for years. Although Ms. Jage claims that the unappealed March 25, 2002, judgment was obtained by fraudulent representations to the trial court, the trial court was not persuaded by these arguments. Instead of raising this before the district court in Tulsa County, Ms. Jage chose to file a federal lawsuit contesting the findings made in the March 25, 2002, judgment. *Res judicata* operates to bar all theories and all issues of fact or law that were litigated or which could have been litigated. *Mobbs v. City of Lehigh,* 1982 OK 149, ¶ 6, n. 5, 655 P.2d 547, 549. The transcript reveals that the issues in this case have been litigated and constant attempts made to re-litigate the same issues. When Ms. Jage chose to take the case to federal court, the district court of Tulsa County concluded that Ms. Jage had no probable cause to file her federal lawsuit because the issues had previously been litigated and settled and therefore Ms. Jage had violated the no-con-

---

11. Title 60 O.S.2001, § 175.57(A) provides: "A violation by a trustee of a duty the trustee owes a beneficiary is a breach of trust." The statute then provides methods to remedy the breach.

12. Ms. Jage cites *Lavine v. Shapiro,* 257 F.2d 14, 19 (7th Cir.1958); *Jackson v. Braden,* 290 Ark. 117, 119, 717 S.W.2d 206, 208 (1986); *Estate of Bullock,* 264 Cal.App.2d 197, 201–202, 70 Cal. Rptr. 239, 242–243 (1968); and *Railey v. Skaggs,* 212 So.2d 86, 86–88 (Fla.App.1968).

13. "This Court agrees that beneficiaries may challenge the actions of trustees under Oklahoma law, as set forth in the statutes, and it is right and just that they be able to do so under the law...." Transcript October 25, 2006, O.R. 1598, p. 106, ll. 10–20. The appellees agree and cite *Barr v. Dawson,* 2007 OK CIV APP 38, ¶ 10, 158 P.3d 1073, 1075.

test provisions of the trusts. We conclude that the trial court's findings are not clearly against the weight of the evidence or some governing principle of law, and accordingly affirm the trial court's judgment.[14]

AFFIRMED

ALL JUSTICES CONCUR.

14. The appellant filed a motion on May 1, 2009, to dismiss for lack of subject matter jurisdiction. The motion does not relate to the cause before this Court. We have addressed the issues argued in the appellate briefs, and we find that other relief sought by Ms. Jage should be and is denied.