2011 OK 52

**Marvin Gentry MAY, Appellant,**

v.

**The OKLAHOMA BANK AND TRUST COMPANY, Trustee of the Homer E. May Testamentary Trust, Appellee.**

**No. 107,707.**

Supreme Court of Oklahoma.

June 14, 2011.

As Corrected on Denial of Rehearing Sept. 30, 2011.

B.J. Brockett, Oklahoma City, Oklahoma, for Appellant.

Denver Meacham II, Clinton, Oklahoma, for Appellee.

COLBERT, V.C.J.

¶ 1 The issue in this matter is whether a trustee is entitled to charge the trust for attorney fees it incurred and a "special trustee fee" it imposed for recovering a portion of the royalty income which the trust would have received if trustee had met its statutory obligation to file a partial decree of distribution that transferred the mineral estate to the trust. This Court holds that fees incurred as a result of the trustee's negligence are not chargeable to the trust under the Oklahoma Trust Act.

## FACTS AND PROCEDURAL HISTORY

¶ 2 This matter began in 1996, when Marvin Gentry May (Beneficiary) and Alice M. Lindamood filed a petition asking the court to remove The Oklahoma Bank and Trust Company (Bank) as trustee of the Homer E. May Testamentary Trust (Trust) for mismanagement. The trial court denied the petition but it assumed jurisdiction over the Trust, at Bank's request, to supervise the administration of the Trust. The court included a requirement that annual accountings of the Trust be approved by the court.

¶ 3 In 2008, Beneficiary objected to the eleventh annual accounting asserting that Bank "failed, neglected or refused to take the necessary steps to cause royalty income from mineral acreage located in Roger Mills County, Oklahoma to be paid to the Homer E. May estate or Trust, resulting in substantial loss to the estate or Trust." Beneficiary objected to the payment of $4,095.30 in attorney fees expended by Bank in an attempt to recover the royalty income and $6,347.34 for a trustee's fee. The court overruled Beneficiary's objection and approved the eleventh annual accounting. That order was not appealed.

¶ 4 In 2009, Bank filed a twelfth annual accounting. Beneficiary filed an objection claiming that Bank breached its duty as personal representative of the Homer May Estate and as trustee of the Trust when it:

> failed, neglected or refused to comply with its statutory duty to record the Decree of Partial Distribution (entered In The Matter of the Estate of Homer E. May, Case Number P–86–143, District Court of Custer County, Oklahoma on March 6, 1989) with the County Clerk of Roger Mills County, Oklahoma, or to take other necessary steps to cause royalty income from minerals located in Roger Mills County ... to be paid to the Homer E. May estate or Trust, resulting in substantial loss to the beneficiaries of the Trust.

The minerals in question consisted of "[a]n undivided 5 acres of oil, gas and minerals" located in Roger Mills County.

¶ 5 Beneficiary noted that the twelfth annual accounting revealed Bank paid

$19,457.80 to the law firm of Elias, Books, Brown and Nelson to recover $112,195.27 in royalty income from the Estate of Dollie May. Beneficiary claimed that the money paid to the Estate of Dollie May "should have been paid to the Trust, but for [Bank's] breach of its fiduciary duty." Beneficiary also noted Bank paid itself $8,894.22 as a "special trust fee" for recovering this money for the Trust.

¶ 6 Homer and Dollie May purchased an undivided 10 acres of minerals in Roger Mills County as tenants in common. Homer died testate in 1986 and Bank was appointed the personal representative of the estate. In his will, Homer provided a life estate in the homestead for his Wife, Dollie, and placed the rest of the property in the Trust. A Decree of Partial Distribution was entered on March 6, 1989, which distributed to the Trust five undivided acres from the 10 acres in Roger Mills County. Beneficiary asserted that Bank had a duty to record in the County Clerk's office the decree of partial distribution or a notice of the decree pursuant to the statutory requirement that decrees affecting land must be recorded. The statute provides in part:

> When a judgment or decree is made, setting apart and defining the homestead, confirming a sale, making distribution of real property, or determining any other matter affecting the title to real property, a certified copy of the same must be recorded in the office of the county clerk of the county in which the real property is situated. . . . Instead of filing the judgment or decree in the office of the county clerk where the real property described in the judgment or decree is located, a notice of the judgment or decree may be filed in the office of the county clerk of any county where the real property described in the judgment or decree is located.

Okla. Stat. tit. 58, § 711 (2001). Bank failed to file in Roger Mills County the decree of partial distribution from Homer's estate. Without such a filing, there was no notice of record that the Trust owned the five-acre mineral estate.[1]

¶ 7 Beneficiary noted that Bank did not take any action in regard to the mineral interest until 18 years later when it discovered that royalties from the Trust's five acres had been paid to Dollie. Beneficiary asserted that the beneficiaries of the Trust should not "have to foot the bill" to recover the royalties from Dollie's estate.

¶ 8 A hearing on Beneficiary's objection was held on September 21, 2009. G.W. Lowry, Jr., Bank's president and trust officer, testified that Bank had relied on its agent, C.B. Graft, the lawyer for Homer's estate who also did work for Homer before his death, "to do anything that needed [to be] done as far as filing." Lowry testified that Bank first became aware in 2007 that royalties were being paid to Dollie that should have gone to the Trust. Bank filed a claim against the Dollie May Estate and settled the matter for a portion of the royalties that should have been paid to the Trust. Bank subtracted the attorney fees incurred to recover the settlement and assessed a ten per cent "special trust fee" for the recovery. Lowry testified that he did not know that there had been any production from the mineral interest held by Homer. He opined Bank had acted prudently in regard to the five-acre interest owned by the Trust.

¶ 9 Beneficiary testified that he had the County Clerk check the Roger Mills County land records in the summer of 2007, and there was no record of anything filed that related to the five acres of minerals. He claimed that sometime after March 6, 1989, he asked Lowry "more than once" about the mineral interest in Roger Mills County "because the royalty was not showing up on the . . . quarterly reports or the annual reports." Beneficiary knew that the five-acre mineral interest was producing at the time of Homer's death and admitted that he had known since at least 1992 that Bank was not collecting all the royalties it should have been

1. The probate code provides:
   When it is provided in this chapter that any order or decree of a district court or judge, or a copy thereof, must be recorded in the office of the county register of deeds, notice is imparted to all persons of the contents thereof, from the time of filing the same for record. Okla. Stat. tit. 58, § 703 (2001).

collecting. He claimed Bank told him that the five acres "went to Dollie."

¶ 10 The trial court approved the accounting and all actions taken by Bank. The Court of Civil Appeals affirmed.

## STANDARD OF REVIEW

■■■ ¶ 11 Issues involving trusts are matters of equitable cognizance. *See In re Lorice T. Wallace Revocable Trust,* 2009 OK 34, ¶ 2, 219 P.3d 536, 537. "In an equitable matter, the Court will examine the whole record and weigh the evidence, but the trial court's findings will not be disturbed in that review unless they are clearly against the weight of the evidence or some governing principle of law." *Id.*

## ANALYSIS

¶ 12 The Oklahoma Trust Act, Okla. Stat. tit. 60, §§ 175.1–175.57 (2001), provides:

In the absence of contrary or limiting provisions in the trust agreement or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized:

. . . .

5. To compromise, contest, arbitrate, or settle any and all claims of or against the trust estate; . . .

. . . .

9. To employ attorneys, accountants, agents, and brokers reasonably necessary in the administration of the trust estate. . . .

*Id.* § 175.24(A). The Act also provides certain rules of trust administration. *Id.* § 175.24(B). One of them provides:

A trustee shall have a lien and may be reimbursed with interest for, or pay or discharge out of the trust property, either principal or income or both, all advances made for the benefit or protection of the trust or its property and all expenses, losses, and liabilities, *not resulting from the negligence of the trustee,* incurred in or about the execution or protection of the trust or because of the trustee holding or ownership of any property subject thereto.

*Id.* § 175.24(B)(3) (emphasis added). In addition:

A trustee acting in a fiduciary capacity, as herein authorized, is entitled to receive such compensation or commission as provided for in the trust agreement or other contract. If the amount of such compensation or commission is not regulated by or stipulated in the trust agreement, the trustee may charge and deduct a reasonable compensation or commission for the services rendered and the responsibilities assumed. Where the trustee is acting under appointment by a court, such compensation or commission shall be paid, irrespective of the provisions in the trust instrument, as allowed or approved by that court.

*Id,* § 175.48. The trial court in this case allowed Bank to charge the trust estate for the attorney fees incurred and the special fee it imposed for recovering a portion of the loss it caused to the trust estate when it failed to file the decree of partial distribution as it was required by statute.

■■■ ¶ 13 There is no dispute concerning the amount of the fees. The issue is whether the fees are justified considering the fact they were incurred only because Bank failed to comply with its statutory duty. In other words, should Trust be financially responsible for Bank's negligence?

■■■ ¶ 14 Bank asserts that this matter is controlled by *Crews v. Willis,* 1945 OK 174, 195 Okla. 475, 159 P.2d 251. There, this Court allowed a trustee's fee and a fee for trustee's counsel stating:

It is of course well established that a dishonest or unfaithful trustee forfeits all right to compensation. The mere fact, however, that the trustee may make some honest errors of judgment in the execution of his trust or may in some respect misconceive his authority under the trust agreement or the law and performs an occasional act beyond his authority from which a loss results does not necessarily deprive him of the right to compensation. The same is true as to counsel fees.

*Id.,* ¶ 14, 159 P.2d at 256. Viewed in isolation, this language appears to support Bank's position. However, *Crews* involved a

**1142**

breach of trust claim in which a beneficiary sought damages and asserted that trustee's "mismanagement and maladministration of the trust estate" required forfeiture of a trustee's fee and counsel fees. *Id.* The *Crews* court found that the trustee had made an honest error of judgment concerning his authority to act based on a majority vote of the beneficiaries and the trial court had not erred in denying forfeiture. *Id. Crews* did not hold that any conduct less than dishonesty or unfaithfulness, such as negligence, necessarily entitles a trustee to a fee. Further, the rule in *Crews* applies only to the trustee's exercise of discretion or fiduciary judgment.[2] Under the "business judgment rule" applied in *Crews,* a trustee is shielded from liability for an "honest error in judgment" involving the exercise of fiduciary discretion. *Hargrave v. Canadian Valley Elec. Coop.,* 1990 OK 43, ¶ 24, 792 P.2d 50, 57. This matter does not involve a determination of whether the trustee has abused its fiduciary discretion and *Crews* is therefore inapplicable.

¶ 15 This matter involves a trustee's nondiscretionary fiduciary duty not the trustee's business discretion.[3] "A trustee is a fiduciary of the highest order in whom the hope and confidence of the settlor are placed with the expectation that the trustee will exercise the obligations of the office for the exclusive benefit of the [trust]." *State ex rel, Okla. Bar Ass'n v. Clausing,* 2009 OK 74, ¶ 13, 224 P.3d 1268, 1274. A trustee is required to proceed diligently with the administration of the trust and to comply with the terms of the trust and applicable law. Restatement (Third) of Trusts § 76(1). The trustee is required specifically to collect and

protect trust property. *Id.* § 76(2)(b) ("In administering the trust, the trustee's responsibilities include performance of the following functions: . . . (b) collecting and protecting trust property."). Bank's failure to bring trust property into its administration by filing the decree of partial distribution resulted in lost income to the estate over a period of several years until a beneficiary's repeated inquiries apparently led the Bank to discover its error. The responsibility for properly administering the estate by collecting and protecting trust property was exclusively that of Bank, not a beneficiary. "A trusteeship would mean little if the beneficiaries were required to supervise the day-to-day management of their estate by their trustee or else be precluded from recovery for mismanagement." *United States v. Mitchell,* 463 U.S. 206, 227, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Bank should bear the financial burden of correcting its mistake.

¶ 16 It should be noted that this is not an action for breach of trust and there is no claim that Bank has forfeited the $14,328.85 annual fee listed in the twelfth annual accounting. Rather, the question is simply whether Bank's negligence in failing to file the decree of partial distribution in the appropriate land records, as required by law, is sufficient to deprive it of its right of exoneration for attorney fees expended in the amount of $19,157.80 and whether it must forgo a special fee of $8,894.22 for partially remedying its own mistake.

¶ 17 This Court need not look beyond the applicable provision in the Oklahoma Trust Act which limits the right of reimbursement or exoneration[4] to advances, "expenses, loss-

---

**2.** "A discretionary power conferred upon the trustee to determine the benefits of a trust beneficiary is subject to judicial control only to prevent misinterpretation or abuse of the discretion of the trustee." Restatement (Third) of Trusts § 50(1) (2001). "The powers of trustees and the discharge of trusteeship responsibilities regularly involve the exercise of discretion, or fiduciary judgment, with which courts do not interfere except to prevent abuse." *Id.,* at cmt. a.

**3.** "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation." *Schovanec v. Archdiocese of Okla. City,* 2008 OK 70,

¶ 43, 188 P.3d 158, 174 (quoting Restatement (Second) of Torts § 874 cmt. a (1979)).

**4.** This provision reflects the fact:

equity takes pains to hold the trustee harmless from personal liability for obligations properly incurred. A right of exoneration is a right in the trustee to pay directly from the estate all of the expenses properly incurred [as] owner . . . and other legitimate expenses of management. . . . This right of exoneration is coupled with a right of reimbursement for sums paid from the trustee's own pocket for expenses properly incurred.

Restatement (Third) of Trusts § 88 rptrs. nts. (quoting Charles E. Rounds, Jr., *Loring: A Trus-*

es, and liabilities, not resulting from the negligence of the trustee." Okla. Stat. tit. 60, § 175.24(B)(3). Because the attorney fees resulted directly from Bank's negligence, it was not entitled to charge that expense to the Trust.

¶ 18 Bank is not entitled to a special fee for correcting its own error. Just as a trustee is not allowed to charge the trust with fees for defending its own maladministration against justifiable claims of beneficiaries,[5] a trustee's negligence will not permit a special fee for recovering the losses it caused. The trial court's approval of the attorney fees and the special fee charged to the trust in the twelfth annual accounting was contrary to the applicable provision of the Oklahoma Trust Act. On remand, the trial court is directed to disallow those fees. This holding is limited to the order allowing the twelfth annual accounting as no appeal was taken from the order allowing the eleventh annual accounting.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; TRIAL COURT REVERSED; CAUSE REMANDED WITH DIRECTIONS.

ALL JUSTICES CONCUR.

tee's Handbook § 3.5.2.3 (8th ed. 2006)) (alterations in original).

5. *See, e.g., Citizens & S. Nat'l Bank v. Haskins,* 254 Ga. 131, 327 S.E.2d 192, 203 (1985).