2015 OK CIV APP 17

**Norma J. HALL, Individually and as Trustee of the Norma J. Hall Living Trust and Kathryn S. Medlin, as Trustee of the Norma J. Hall Living Trust, Plaintiffs/Appellants,**

v.

**Bobby Gene CUTSINGER, II, Defendant,**

and

**George N. Keeney, III, Interested Party/Appellee.[1]**

**No. 111,781.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 5, 2015.

---

1. George N. Keeney, III (Keeney) was a court-appointed expert and was not a party to the action below. In this appeal, Appellants served Keeney with its appellate filings. Keeney filed a Response to Appellants' Petition in Error, a Counter–Designation of Record, and an Answer Brief, all without leave of Court or by written consent of Appellants. Appellants did not object to Keeney's responsive filings. Rather than just proceeding as if he was a proper party, the better course of action would have been for Keeney to intervene in the proceeding below or seek leave of the Supreme Court to intervene on appeal. We treat Keeney as a proper Appellee here just as Appellants do. Keeney has a direct financial interest in the outcome of this appeal and would be aggrieved if we were to deny him the right to defend his interests on appeal.

James K. Larimore, Jennifer K. Christian, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

L. Vance Brown, Elisabeth D. Brown, Elias, Brooks, Brown & Nelson, P.C., Oklahoma City, Oklahoma, for Interested Party/Appellee.

BAY MITCHELL, Presiding Judge.

¶ 1 Plaintiffs/Appellants Norma J. Hall (Hall) and Kathryn S. Medlin (Medlin) (collectively, Appellants) seek review of the trial court's Order requiring Appellants to advance Defendant Bobby Gene Cutsinger's (Cutsinger) portion of fees owed to the court-appointed expert, Interested Party/Appellee George N. Keeney, III (Keeney) and awarding Appellants a cost judgment against Cutsinger for those fees. After review of the record and applicable law, we hold the trial court did not abuse its discretion and affirm the Order.

¶ 2 Hall, as trustor, created the Norma J. Hall Living Trust (the Trust) and appointed Cutsinger, her son, to serve as co-trustee. In 2008, upon learning that Cutsinger had misappropriated money and assets belonging to both her and the Trust, Hall removed Cutsinger as trustee and appointed Medlin, her daughter, as co-trustee. Appellants commenced this action on September 3,

2008 to recover the money and assets misappropriated by Cutsinger.

¶ 3 Appellants filed a Motion to Compel an Accounting. At a hearing on the motion, Appellants and Cutsinger agreed that the court should appoint Keeney as an independent forensic accountant and agreed to split the costs of the accounting. Each paid $5,000 toward Keeney's initial $10,000 retainer fee. The trial court memorialized the parties' agreement in an Order dated October 13, 2009.[2]

¶ 4 On March 22, 2012, upon Keeney's Application for Order Approving Accounting Fees and Requesting Discharge of Accountant, the trial court entered an Order requiring Keeney to complete certain aspects of his report and to perform additional work. The court specifically reserved the determination of the proportion of fees to be paid by each party:

> Further, having been advised by Mr. Keeney that he has not been paid for all charges incurred by Mr. Keeney in rendering services as Court-appointed accountant, the Court directs Mr. Keeney to file an appropriate fee application at the conclusion of his work and *the Court will order payment of reasonable costs not yet paid, in such proportions as the Court shall subsequently order.*

(emphasis added).

¶ 5 Keeney finished the additional work, submitted a supplemental report, and filed a second application for payment. In an Order dated August 10, 2012, the trial court reduced Keeney's requested fees from $93,020.70 to $71,020.70 and noted that each party was responsible for $35,510.35. Cutsinger, however, claimed he had no ability to pay his share of Keeney's fees. The trial court stated:

> This Court will ultimately order payment of all that is owed to Mr. Keeney pursuant to this Court's findings herein preferably with each party ultimately paying fifty percent (50%) of the total fees. The Court

views what is owed Mr. Keeney as costs and it is therefore appropriate not to order complete and final payment until this matter is completed.

¶ 6 Trial on the merits was held in December, 2012, with Keeney testifying as Appellants' principal witness. Appellants recovered a judgment against Cutsinger of approximately $1.4 million. Appellants subsequently filed an Application for Costs and for Allocation of Expert Fees, requesting that Cutsinger be ordered to pay the balance of the unpaid fees owed to Keeney. Keeney filed a response asking the court to order actual payment by Appellants because Cutsinger was insolvent.

¶ 7 After a hearing, the trial court issued an Order finding that each party was responsible for one-half of Keeney's fees but that Cutsinger had no apparent ability to pay his share. The court ordered Appellants to pay the balance owed to Keeney and granted Appellants a cost judgment against Cutsinger in the amount of $30,510.35, the portion of Keeney's fees owed by Cutsinger.

¶ 8 The issues on appeal deal solely with the trial court's ruling that Appellants must advance all of Keeney's fees due to Cutsinger's inability to pay his portion. Appellants allege: (1) the trial court's Order was contrary to its prior Orders concerning payment of Keeney's fees; (2) Keeney's response to Appellants' Application for Costs and Allocation of Expert Fees was untimely; and (3) there was no evidentiary support for the trial court's finding that Cutsinger had no apparent ability to pay his share of Keeney's fees.

¶ 9 Issues that arise in the context of administration of trusts are matters of equitable cognizance. *See In re Lorice T. Wallace Revocable Trust,* 2009 OK 34, ¶ 2, 219 P.3d 536, 537. "In an equitable matter, the Court will examine the whole record and weigh the evidence, but the trial court's findings will not be disturbed in that review unless they are clearly against the weight of

---

2. "The parties shall split the costs of the accounting. The initial estimate of the cost is $10,000.00 for the total accounting. The parties agree to split that amount $5,000.00 each. The parties shall meet with the accountant on or before seven business days from August 5, 2009, to make arrangements with the accountant to compensate him, and will pay such deposit as the accountant requires, at least initially, up to $5,000.00 each."

the evidence or some governing principle of law." *Id.*

¶ 10 Appellants claim the trial court's Order requiring Appellants to advance all of Keeney's fees was contrary to its prior Orders concerning payment of Keeney's fees. Appellants construe the court's October 13, 2009 and August 10, 2012 Orders as final judgments requiring the parties to pay equal shares of Keeney's fees. We disagree. Although the trial court noted that each party was responsible for half of Keeney's fees, the court did *not* order either Appellants or Cutsinger to pay the balance due to Keeney. The trial court specifically and consistently noted that it viewed payment as a cost issue to be determined after final judgment on the merits. Accordingly, this claim is denied.

¶ 11 Appellants also argue that Keeney's response to their Application for Costs and for Allocation of Expert Fees was untimely pursuant to 12 O.S. § 1031.1(B), 12 O.S. § 696.4(B), and District Court Rule 4(e). Keeney's response was not a § 1031.1(B) motion to vacate or modify the court's August 10, 2012 Order, as Appellants contend, because that Order made no determination regarding payment of Keeney's fees and specifically reserved judgment on the issue. Nor was Keeney's response an untimely application for fees under § 696.4(B) or an untimely response under Rule 4(e). Section 696.4(B) provides that a *party* seeking to recover costs or fees not provided for in the judgment must file an application within thirty days of the filing of that judgment. Similarly, Rule 4(e) provides that "Any *party* opposing a motion ... shall serve and file a brief or a list of authorities in opposition within fifteen (15) days after service of the motion, or the motion may be deemed confessed." (emphasis added). These provisions are not applicable because Keeney was not a party to the action below.

¶ 12 Appellant's final contention is that there was no evidentiary support for the court's finding that Cutsinger had no apparent ability to pay his share of the fees. The record shows that seven attempts to serve Cutsinger with a Writ of General Execution were unsuccessful. The record also shows attempts to garnish Cutsinger's bank accounts were unsuccessful because Cutsinger had no money or assets, other than exempt funds, in his accounts. Appellants insist that "Keeney fail[ed] to establish that the trial court was presented or considered" this evidence. However, *Appellants* bear the burden of producing a sufficient record to demonstrate error. *Pracht v. Oklahoma State Bank,* 1979 OK 43, ¶ 5, 592 P.2d 976, 978. The record is silent on what evidence was submitted at the final hearing concerning apportionment of Keeney's fees. Accordingly, this Court must assume the trial court's Order finding Cutsinger had no apparent ability to pay was supported by the evidence. *See Fleck v. Fleck,* 2004 OK 39, ¶ 12, 99 P.3d 238, 241.

¶ 13 Under the record presented, the trial court did not abuse its discretion by ordering Appellants to pay the balance due to Keeney and awarding Appellants a cost judgment for Cutsinger's share of the fees.

¶ 14 AFFIRMED.

JOPLIN, J., concurs.

HETHERINGTON, C.J., dissents.

¶ 1 As the majority notes in footnote 1, George N. Keeney, III was not a party to the action below as a court-appointed accounting expert. As such, he has no standing to pursue his claim for the balance of his fees in this case. His remedy rests solely in a separate cause of action for breach of contract and any other possible claims for relief as the law might allow.