OSCN Found Document:HALL v. CUTSINGER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HALL v. CUTSINGER
2015 OK CIV APP 17
345 P.3d 412
Case Number: 111781
Decided: 02/05/2015
Mandate Issued: 03/02/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 17, 345 P.3d 412

 

NORMA J. HALL, INDIVIDUALLY AND AS TRUSTEE OF THE NORMA J. HALL 
LIVING TRUST AND KATHRYN S. MEDLIN, AS TRUSTEE OF THE NORMA J. HALL LIVING 
TRUST, Plaintiffs/Appellants,
v.
BOBBY GENE CUTSINGER, II, 
Defendant,
and
GEORGE N. KEENEY, III, Interested Party/Appellee.[1]

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA
HONORABLE BILL GRAVES, JUDGE

AFFIRMED

James K. Larimore, Jennifer K. Christian, DURBIN, LARIMORE & BIALICK, 
Oklahoma City, Oklahoma, for Plaintiffs/Appellants,
L. Vance Brown, Elisabeth 
D. Brown, ELIAS, BROOKS, BROWN & NELSON, P.C., Oklahoma City, Oklahoma, for 
Interested Party/Appellee.


Bay Mitchell, Presiding Judge:
¶1 Plaintiffs/Appellants Norma J. Hall (Hall) and Kathryn S. Medlin (Medlin) 
(collectively, Appellants) seek review of the trial court's Order requiring 
Appellants to advance Defendant Bobby Gene Cutsinger's (Cutsinger) portion of 
fees owed to the court-appointed expert, Interested Party/Appellee George N. 
Keeney, III (Keeney) and awarding Appellants a cost judgment against Cutsinger 
for those fees. After review of the record and applicable law, we hold the trial 
court did not abuse its discretion and affirm the Order.
¶2 Hall, as trustor, created the Norma J. Hall Living Trust (the Trust) and 
appointed Cutsinger, her son, to serve as co-trustee. In 2008, upon learning 
that Cutsinger had misappropriated money and assets belonging to both her and 
the Trust, Hall removed Cutsinger as trustee and appointed Medlin, her daughter, 
as co-trustee. Appellants commenced this action on September 3, 2008 to recover 
the money and assets misappropriated by Cutsinger.
¶3 Appellants filed a Motion to Compel an Accounting. At a hearing on the 
motion, Appellants and Cutsinger agreed that the court should appoint Keeney as 
an independent forensic accountant and agreed to split the costs of the 
accounting. Each paid $5,000 toward Keeney's initial $10,000 retainer fee. The 
trial court memorialized the parties' agreement in an Order dated October 13, 
2009.[2]
¶4 On March 22, 2012, upon Keeney's Application for Order Approving 
Accounting Fees and Requesting Discharge of Accountant, the trial court entered 
an Order requiring Keeney to complete certain aspects of his report and to 
perform additional work. The court specifically reserved the determination of 
the proportion of fees to be paid by each party:

 
 Further, having been advised by Mr. Keeney that he has not been paid for 
 all charges incurred by Mr. Keeney in rendering services as Court-appointed 
 accountant, the Court directs Mr. Keeney to file an appropriate fee 
 application at the conclusion of his work and the Court will order 
 payment of reasonable costs not yet paid, in such proportions as the Court 
 shall subsequently order.
(emphasis added).
¶5 Keeney finished the additional work, submitted a supplemental report, and 
filed a second application for payment. In an Order dated August 10, 2012, the 
trial court reduced Keeney's requested fees from $93,020.70 to $71,020.70 and 
noted that each party was responsible for $35,510.35. Cutsinger, however, 
claimed he had no ability to pay his share of Keeney's fees. The trial court 
stated:

 
 This Court will ultimately order payment of all that is owed to Mr. 
 Keeney pursuant to this Court's findings herein preferably with each party 
 ultimately paying fifty percent (50%) of the total fees. The Court views 
 what is owed Mr. Keeney as costs and it is therefore appropriate not to 
 order complete and final payment until this matter is 
 completed.
¶6 Trial on the merits was held in December, 2012, with Keeney testifying as 
Appellants' principal witness. Appellants recovered a judgment against Cutsinger 
of approximately $1.4 million. Appellants subsequently filed an Application for 
Costs and for Allocation of Expert Fees, requesting that Cutsinger be ordered to 
pay the balance of the unpaid fees owed to Keeney. Keeney filed a response 
asking the court to order actual payment by Appellants because Cutsinger was 
insolvent.
¶7 After a hearing, the trial court issued an Order finding that each party 
was responsible for one-half of Keeney's fees but that Cutsinger had no apparent 
ability to pay his share. The court ordered Appellants to pay the balance owed 
to Keeney and granted Appellants a cost judgment against Cutsinger in the amount 
of $30,510.35, the portion of Keeney's fees owed by Cutsinger.
¶8 The issues on appeal deal solely with the trial court's ruling that 
Appellants must advance all of Keeney's fees due to Cutsinger's inability to pay 
his portion. Appellants allege: (1) the trial court's Order was contrary to its 
prior Orders concerning payment of Keeney's fees; (2) Keeney's response to 
Appellants' Application for Costs and Allocation of Expert Fees was untimely; 
and (3) there was no evidentiary support for the trial court's finding that 
Cutsinger had no apparent ability to pay his share of Keeney's fees.
¶9 Issues that arise in the context of administration of trusts are matters 
of equitable cognizance. See In re Lorice T. Wallace Revocable Trust, 2009 OK 34, ¶2, 219 P.3d 536, 537. "In an equitable 
matter, the Court will examine the whole record and weigh the evidence, but the 
trial court's findings will not be disturbed in that review unless they are 
clearly against the weight of the evidence or some governing principle of law." 
Id.
¶10 Appellants claim the trial court's Order requiring Appellants to advance 
all of Keeney's fees was contrary to its prior Orders concerning payment of 
Keeney's fees. Appellants construe the court's October 13, 2009 and August 10, 
2012 Orders as final judgments requiring the parties to pay equal shares of 
Keeney's fees. We disagree. Although the trial court noted that each party was 
responsible for half of Keeney's fees, the court did not order either 
Appellants or Cutsinger to pay the balance due to Keeney. The trial court 
specifically and consistently noted that it viewed payment as a cost issue to be 
determined after final judgment on the merits. Accordingly, this claim is 
denied.
¶11 Appellants also argue that Keeney's response to their Application for 
Costs and for Allocation of Expert Fees was untimely pursuant to 12 O.S. §1031.1(B), 12 O.S. §696.4(B), and District 
Court Rule 4(e). Keeney's response was not a §1031.1(B) motion to vacate or 
modify the court's August 10, 2012 Order, as Appellants contend, because that 
Order made no determination regarding payment of Keeney's fees and specifically 
reserved judgment on the issue. Nor was Keeney's response an untimely 
application for fees under §696.4(B) or an untimely response under Rule 4(e). 
Section 696.4(B) provides that a party seeking to recover costs or fees 
not provided for in the judgment must file an application within thirty days of 
the filing of that judgment. Similarly, Rule 4(e) provides that "Any 
party opposing a motion . . . shall serve and file a brief or a list of 
authorities in opposition within fifteen (15) days after service of the motion, 
or the motion may be deemed confessed." (emphasis added). These provisions are 
not applicable because Keeney was not a party to the action below.
¶12 Appellant's final contention is that there was no evidentiary support for 
the court's finding that Cutsinger had no apparent ability to pay his share of 
the fees. The record shows that seven attempts to serve Cutsinger with a Writ of 
General Execution were unsuccessful. The record also shows attempts to garnish 
Cutsinger's bank accounts were unsuccessful because Cutsinger had no money or 
assets, other than exempt funds, in his accounts. Appellants insist that "Keeney 
fail[ed] to establish that the trial court was presented or considered" this 
evidence. However, Appellants bear the burden of producing a sufficient 
record to demonstrate error. Pracht v. Oklahoma State Bank, 1979 OK 43, ¶5, 592 P.2d 976, 978. The record is 
silent on what evidence was submitted at the final hearing concerning 
apportionment of Keeney's fees. Accordingly, this Court must assume the trial 
court's Order finding Cutsinger had no apparent ability to pay was supported by 
the evidence. See Fleck v. Fleck, 2004 OK 39, ¶12, 99 P.3d 238, 241.
¶13 Under the record presented, the trial court did not abuse its discretion 
by ordering Appellants to pay the balance due to Keeney and awarding Appellants 
a cost judgment for Cutsinger's share of the fees.

¶14 AFFIRMED.

JOPLIN, J., concurs.



HETHERINGTON, C.J., dissents:
¶1 As the majority notes in footnote 1, George N. Keeney, III was not a party 
to the action below as a court-appointed accounting expert. As such, he has no 
standing to pursue his claim for the balance of his fees in this case. His 
remedy rests solely in a separate cause of action for breach of contract and any 
other possible claims for relief as the law might allow.

FOOTNOTES

[1] George 
N. Keeney, III (Keeney) was a court-appointed expert and was not a party to the 
action below. In this appeal, Appellants served Keeney with its appellate 
filings. Keeney filed a Response to Appellants' Petition in Error, a 
Counter-Designation of Record, and an Answer Brief, all without leave of Court 
or by written consent of Appellants. Appellants did not object to Keeney's 
responsive filings. Rather than just proceeding as if he was a proper party, the 
better course of action would have been for Keeney to intervene in the 
proceeding below or seek leave of the Supreme Court to intervene on appeal. We 
treat Keeney as a proper Appellee here just as Appellants do. Keeney has a 
direct financial interest in the outcome of this appeal and would be aggrieved 
if we were to deny him the right to defend his interests on appeal.

[2] "The 
parties shall split the costs of the accounting. The initial estimate of the 
cost is $10,000.00 for the total accounting. The parties agree to split that 
amount $5,000.00 each. The parties shall meet with the accountant on or before 
seven business days from August 5, 2009, to make arrangements with the 
accountant to compensate him, and will pay such deposit as the accountant 
requires, at least initially, up to $5,000.00 each."





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2004 OK 39, 99 P.3d 238, FLECK v. FLECK
Discussed
 2009 OK 34, 219 P.3d 536, IN RE: WALLACE REVOCABLE TRUST
Discussed
 1979 OK 43, 592 P.2d 976, PRACHT v. OKLAHOMA STATE BANK
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 696.4, Provision for Costs, Attorney Fees, and Interest
Cited
 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Cited